383 P.2d 741

Max SHERMAN, Mortimer M. Levin, and Michael Robinson, dba Flamingo Hotel, Appellants,

v.

Juanita Marie ARNO, Appellee.

No. 7083.

Supreme Court of Arizona,

In Division.

July 3, 1963.

Chandler, Tullar, Udall & Richmond, Tucson, for appellants.

Udall & Udall, Johnson, Darrow, D'Antonio, Tucson, Hayes & Morales, for appellee.

LOCKWOOD, Justice.

Plaintiff (appellee) Juanita Marie Arno, obtained a judgment against defendants (appellants) Max Sherman, Mortimer M. Levin, and Michael Robinson, dba Flamingo Hotel, for injuries sustained by plaintiff in a fall caused by stumbling over a single step down from a sidewalk on defendants' premises while she was there in the capacity of a business invitee. Defendants have appealed from this judgment and the failure of the trial court to grant defendants' motions for a directed verdict at various stages of and after the trial on the ground that there was insufficient evidence to sustain a finding of negligence on the part of the defendants.

The facts, stated in the light most favorable to sustaining the judgment and allowing plaintiff every reasonable inference, are as follows: On March 30, 1958, plaintiff and a friend drove to the Flamingo Hotel for the purpose of lunching at the restaurant operated there. It was a bright sunny Sunday afternoon when they emerged from the restaurant at its south exit to go to plaintiff's car, which she had left in the parking lot across from this exit. There was a driveway between the building wall containing the exit and the

parking lot, and because there was quite a bit of traffic on the driveway, she decided not to cross the drive until there was an open space between the moving cars and she had a clear view of her car. A paved walkway (hereafter referred to as the "walk") ran parallel to and between the building and the driveway in a westerly direction till it met the public sidewalk about sixty-four feet from the exit.

Plaintiff was familiar with the hotel, but she testified that she had never used this walk before, nor had she previously even known it was there. While waiting for traffic on the driveway to clear she moved along the walk toward the public sidewalk. About fifteen feet from the west end of the walk there was a single step down which plaintiff testified she did not notice or see as she came out of the restaurant. Because her attention was drawn to the automobiles passing by she continued walking until, as she related at the trial:

"A. Well, I was walking down the sidewalk and all of a sudden I just, there was no sidewalk there and my— did you want me to demonstrate?

"Q. No. Just tell us, describe it as best you can.

"A. I took a step. All I knew, I was just down and I had fallen and hit the edge of my hip against the cement edge of that step."

That plaintiff was severely injured from her fall is not in issue here.

The walk itself is a terra cotta (reddish) color, and was "glaring bright" in the afternoon sun on the day in question, according to plaintiff's testimony. Although the sidewalk is relatively level, there is one step at the south exit from the restaurant and two more steps where the west end of the walk intersects with the public sidewalk, in addition to the step where plaintiff's accident occurred. The step where plaintiff fell is approximately four to five inches in height. The riser is painted white, and is visible as one approaches from the west but not from the east as plaintiff approached it. A single white stripe, about an inch and a half wide is painted along the top or nose of the step across the walk. There were no other signs, warnings or handrails at the step. A witness, Irvin E. Larsen, testified that it was his duty to keep the stripe painted in order to make it visible to persons using the walk. He further testified that if the step was not painted so that it would be plainly visible, then "someone would have fallen down on his duty." Exhibit 4, a photograph of the step, taken some time after the accident, shows that the white stripe on the step is nearly worn off. The plaintiff testified:

"Q. Exhibit 4, Miss Arno, shows a strip of white paint or what has been

a strip of white paint along the upper edge of that step. Can you tell us whether or not there was any paint on that step that day as you approached it?

"A. Well, I can almost positively say there wasn't any paint visible at all."

The basis of plaintiff's action was that defendants were negligent in the construction and design of the step in having it placed in such an unusual and unexpected place on the walk; that they had neglected to keep the white paint on the step properly maintained and that they were negligent in not having some type of warning to users of the walk that a step was located there.

Defendants maintained however that they had exercised the entire duty required of them to use due care in making and maintaining the premises reasonably safe for the customers, and that as the step was openly and obviously visible no warning was required to be given to any users of the walk. They also asserted sole and contributory negligence on the part of the plaintiff.

■ The issues of sole and contributory negligence of the plaintiff were submitted to the jury and determined adversely to defendants. There was sufficient evidence from which the jury could have reached this decision, and its determination is conclusive. City of Phoenix v. Weedon, 71 Ariz. 259, 226 P.2d 157 (1950).

■ The questions before us are: Was the trial judge justified in allowing the jury to determine whether the condition was dangerous; and if so was it due either to negligent construction or design, or improper maintenance, and was the existing condition open and obvious. Defendants claim that allowing these questions to be submitted to a jury would in effect require defendants to be insurers of business invitees, when their duty was merely to exercise the care necessary to make the premises reasonably safe. It is true that defendant is not liable to invitees for injuries resulting from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to defendant as the owner or occupant of the premises and defendant is not bound to warn plaintiff of such a peril or risk. Moore v. Southwestern Sash & Door Co., 71 Ariz. 418, 228 P.2d 993 (1951); Restatement, Torts § 343; 38 Am.Jur., Negligence § 97. Plaintiff readily admits that these principles of law are correct, but disagrees with defendants' application of the law to the facts herein.

Defendants cite a number of cases involving a fall occasioned by a change of

elevation which hold for the defendants therein. Many of these cases fall into the category where the court found as a matter of law the plaintiff was contributorily negligent.[1] Others involve falls on entering or leaving buildings or stepping off from the sidewalk to the street.[2] Seal v. Safeway Stores, 48 N.M. 200, 147 P.2d 359 (1944) upon which defendants rely heavily affirmed a directed verdict for the defendants when a customer fell due to the private store walk being some three or four inches higher than the adjoining store parking area. The essence of the case was that the plaintiff had failed to show "an unusual change in elevation, or one at a place not to be expected at such place of business where, as here, extensive parking facilities are employed on both sides of the building." The court found that the step down was open and obvious and not a hidden or concealed danger.[3]

Here the step upon which plaintiff stumbled was approximately two-thirds of the way down a long walk, and not at the entrance to any building or a mere step down to a parking area or another sidewalk. In refusing to grant defendants'

motion for a directed verdict, the trial court said:

"Well, is the evidence not so much on the height of the step, or the fact that between the door and the street there is going to be some steps, but isn't the evidence that should be submitted to the jury *whether or not it was negligence to place it in such an unsuspected place?*

\* \* \* \* \* \*

"I would agree with your argument completely if the fall had been at the door or at the street, but *to have a single step in the middle of a sidewalk, I don't know whether it is negligence or not, but I think it creates enough of a question to let it go to the jury."* (Emphasis supplied.)

We agree with the trial court's analysis.

■ There was further evidence that even though designing and building the step in such a place may not have constituted negligence the step may have been negligently maintained. The photographic exhibits in evidence show that there were at least some times when the paint on the

---

1. 65 A.L.R.2d 473. See also cases summarized in Farley v. Portland Gas & Coke Co., 203 Or. 635, 280 P.2d 384 (1955)
2. Ibid.
3. Cf. J. C. Penney v. Mayes, 255 S.W.2d 639 (Ky.1952), where defendant was

found not to be negligent when plaintiff fell at a step at the entrance of a building. The court stated that it is common knowledge that an entrance or exit to a building often adjoins surfaces at a different level as compared to the building itself.

step was so worn that it could but barely be discerned, and plaintiff testified that it was not visible at the time of her fall, although defendants maintained it was always kept striped.[4] This evidence combined with the fact that there were no other signs or warnings of a step might properly have been considered in determining negligence on the part of the defendants.

As to the claim that the condition, if dangerous, was open and obvious, we need only examine the location of the step and its relation with the conditions of its surrounding environment. It is evident that the step would be obvious to one traveling the walk toward the step, with the riser in view, in the opposite direction from that in which the plaintiff was walking. However, moving in the same direction as was the plaintiff, the walk could have a "deceptively level appearance." See Hamilton v. Union Oil Company, 216 Or. 354, 339 P.2d 440 (1959); Farley v. Portland Gas & Coke Co., supra. There was evidence that the walk was the same color on both levels; that the white paint on the top of the step was completely worn; that the red terra cotta walk was bright and glary, especially to one just coming out of a building into the bright sunshine of an afternoon in Tucson, Arizona. The jury might reasonably have inferred a person using this sidewalk might be distracted from the place where he was walking while observing cars passing in the driveway, especially if, as in plaintiff's case, his car was in the parking lot across the drive and he was looking for a place to cross to it, and that defendants could have foreseen this.

The case of Mertz v. Krueger, 58 So.2d 160 (Fla.1952) presents an analogous situation. There the plaintiff was walking along the beach in the gloaming just before dark and fell from the top of a bulkhead to the lower beach ten feet below. The court noted the plaintiff knew nothing of the bulkhead and the sand level on the premises had the appearance of a continuous beach. The court treated the plaintiff as an invitee, and held that no error existed from a verdict in plaintiff's favor, stating:

"The courts over the country are committed to the doctrine that whether or not defendants exercised ordinary care to protect their patrons in

---

4. See Denison v. Wiese, 251 Iowa 770, 102 N.W.2d 671 (1960), wherein an invitee recovered damages from owner of premises due to owner's negligence in maintaining a bar stool. Evidence was admissible therein that owner knew that the bar stools had a tendency to become loose and had them repaired periodically. From this the jury could find a lack of due care in the inspection and repair. See also 59 A.L.R.2d 1379.

cases like this is a question for the jury under appropriate instructions."

A four inch step in the glaring afternoon sunshine on the walk might present at least as much difficulty to perceive as a ten foot drop in the gloaming—both could have the appearance of being level.

 The jury was adequately instructed on all points concerning the duty of the defendants, as owners of the premises, toward the business invitee. The court explained that a possessor of premises is not an insurer of the safety of business invitees, but is only required to exercise ordinary care to maintain the premises in a reasonably safe condition. The court also stated that the owner is not required to give an invitee notice or warning of an obvious danger existing on the premises, and that if the jury found the condition either obvious or reasonably apparent to an ordinary prudent person in plaintiff's position, then the jury should find for defendants.

We find that the case was properly submitted to the jury and that no error was committed by the trial court in denying defendant's various motions.

Judgment affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, J., concur