467 P.2d 781

Lawrence J. BURKE and Marie Burke, his wife, Appellants,

v.

ARIZONA BILTMORE HOTEL, INC., a Delaware corporation, Appellee.

No. I CA–CIV IIII.

Court of Appeals of Arizona, Division 1, Department B.

April 13, 1970.

Fennemore, Craig, von Amon & Udall, by Philip F. Schneider, Jr., Phoenix, for appellants.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellee

JACOBSON, Judge.

Plaintiffs-appellants, Lawrence J. Burke and Marie Burke, his wife, brought an action in negligence against defendant-appellee Arizona Biltmore Hotel, Inc., to recover damages for personal injuries sustained by Mrs. Burke when she fell on a stairway in the defendant-hotel. Defendant's motion for summary judgment was granted and this appeal followed.

Mrs. Burke, aged 70, while a guest at the defendant-hotel, and while walking up the stairs from the hotel lobby to the raised dining room, fell and was injured. It is plaintiffs' contention that Mrs. Burke's fall resulted from the negligence of the defendant-hotel in allowing a dangerously deceptive condition to exist at the top of the stairway.

The stairway consists of approximately a half dozen steps which are relatively broad from front to back as compared with rela-tively short risers between the steps. All of the steps, except the top one, and all of the risers were carpeted with a light grey carpet. A black strip of carpet of approximately the width of one step had been installed on the top step, that is, on the level of the dining room floor. Beyond the black strip of carpet, and on the same level with it, was a predominantly red patterned carpet which extended on into the dining room.

There is some dispute as to the quality of the lighting in the stairway area at the time of the accident, but due to our determination in this matter we do not deem this factual dispute to be material. Mrs. Burke was watching where she was walking and was aware of the black strip of carpeting at the top of the stairs. In her affidavit Mrs. Burke stated that as she reached the top step she became confused, misjudged the stairway, and fell "because of the black strip of carpeting which, located as it was on the top step, created a deceptive appearance."

In her deposition Mrs. Burke testified more specifically as to the exact sequence of events immediately prior to her fall:

"Q Now, when you fell had you already reached a point where your left foot was on the black carpeting and you were in the process of stepping with your right foot?

"A Yes.

"Q When you stepped with your right foot did you catch your foot or strike—

"A It slipped. As I stepped up, that one slipped. That's the way I remember it.

"Q Your right foot slipped?

"A No. My left.

"Q Your left foot slipped?

"A Yes. That's how I lost my balance."

\* \* \* \* \* \*

"Q Prior to the time that you fell did you observe any foreign substance or any debris or anything spilled on the floor in the area where you fell?

"A No."

* * * * * *

"Q You didn't see any?

"A No, I didn't.

"Q Your recollection is that you stepped down with your left foot on this area of black carpeting and you had the sensation that as you were bringing your right foot up your left foot slipped, is that correct?

"A Yes."

* * * * * *

"Q In any event, you put your weight on you left foot, which was on the black carpet, and lifted your right foot up, and while you were in the process of bringing your right foot up to the level of the top step your left foot slipped and you fell, is that correct?

"A Yes."

Plaintiffs and defendant agree that the issue on appeal is whether, based on the record, reasonable men could differ as to whether the stairway on which Mrs. Burke fell was unreasonably dangerous because of a deceptive appearance.

It is plaintiffs' position that the design of the stairway and the soft lighting in that area combined to create an optical illusion making it difficult to determine whether the black strip was a separate step or whether it was on the level of the light grey carpet below or the red carpet of the dining room. Plaintiffs urge that this deceptive appearance constituted a defective condition which was unreasonably dangerous.

 Three color photographs of the stairway area in question were properly presented to the trial court and this court may consider them on an appeal from summary judgment. Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27 (1963). We agree

with plaintiff that, as a general proposition, a deceptive appearance causing an optical illusion my, in a proper case, constitute a defective condition which may be unreasonably dangerous. Sherman v. Arno, 94 Ariz. 284, 383 P.2d 741 (1963). However, we have examined the photographs carefully and conclude that the color scheme of the carpeting did not create a deceptive optical illusion which would constitute such a defective condition; rather, we are of the opinion that it served the purpose of delineating the top of the stairs from the surrounding floor and thus dispelled any optical illusion.

 However, even if we were to assume that a defective condition existed, it is clear that as a matter of law such a defect was not an unreasonably dangerous condition. Although the owner of a business premises is under an affirmative duty to make the premises reasonably safe for use by invitees, he is not an insurer of their safety and is not required at his peril to keep the premises absolutely safe. Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (1968). "Defective condition" is not necessarily synonymous with "dangerous condition" and becomes so only when the defective condition creates an unreasonable risk of harm. Berne v. Greyhound Parks of Arizona, supra. The mere fact that an injury has been sustained does not give rise to a presumption that a defective condition created an unreasonable risk of harm. See Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967). Here, the black strip in question was clearly visible and in fact Mrs. Burke noticed it as she was ascending the stairs. Moreover, the photographs reveal that the riser between the last light grey step and the black-carpeted top step was the same light grey as all the others risers and was readily visible. Any so-called defective condition at the top of the stairway was open and obvious and persons encountering the condition could be expected to take care of themselves without further precautions

on the part of the defendant-hotel. Thus, the likelihood of harm, if any, was slight and therefore, as a matter of law, the condition was not unreasonably dangerous. Daugherty v. Montgomery Ward, supra; Cummings v. Pratu, supra; see Murphy v. El Dorado Bowl, Inc., 2 Ariz.App. 341, 409 P.2d 57 (1965). Compare with dictum in Sherman v. Arno, supra, where it was stated: "It is evident that the step would be obvious to one traveling * * * toward the step, with the riser in view * * *." 94 Ariz., at 289, 383 P.2d at 744.

A third consideration also requires our affirmance in this matter. The photographs show proven physical facts: that a riser clearly delineates the last light grey step from the black-carpeted top step; if anything, the black strip emphasizes and draws the attention of persons ascending the stairway to the fact that it is on a higher level than the last light grey step. The only possible optical illusion presented to someone ascending the stairway as they approach the top step is as to whether the black-carpeted step is on the same level as the dining room floor. This possible optical illusion, however, had no causal relation with Mrs. Burke's falling. Mrs. Burke testified several times in her deposition that she had placed her left foot on the black strip and that her left foot slipped as she raised her right foot. The uncontradicted testimony of Mrs. Burke herself, even when viewing all of the evidence in a light most favorable to plaintiffs-appellants, clearly establishes that the cause of her fall was the placement of her left foot on the black strip as she stepped from the last light grey step to the black-carpeted step (where no illusion existed) and not in attempting to proceed from the black-carpeted step to the dining room floor (where an illusion possibly existed).

Judgment of the trial court is affirmed.

EUBANK, P. J., and HAIRE, J., concur.