NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MARISSA PROCTOR, *Plaintiff/Appellant*,

*v.*

PARADISE VALLEY UNIFIED SCHOOL DISTRICT NO 69,
*Defendant/Appellee*.

No. 1 CA-CV 16-0315
FILED 6-29-2017

---

Appeal from the Superior Court in Maricopa County
No. CV2014-000930
The Honorable Joshua D. Rogers, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Marissa Proctor, Scottsdale
*Plaintiff/Appellant*

Jones, Skelton & Hochuli, PLC, Phoenix
By Michael E. Hensley, Jonathan Paul Barnes, Jr., John D. Lierman
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

**J O H N S E N**, Judge:

**¶1**　　　　Marissa Proctor appeals the superior court's grant of summary judgment in favor of Paradise Valley Unified School District No. 69. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Proctor tripped and fell while on her way to pick up her child from elementary school.[1] Because the closest parking lot was full, Proctor had parked in an adjacent middle school lot. She then walked through the parking lot and alongside a storage shed. She turned right past the storage shed and stepped up onto a ramp that allowed access to the shed door. She knew she had stepped onto a raised surface, but she assumed the higher elevation continued on the other side of the shed. After walking the width of the ramp, she stumbled when she stepped off the ramp.

**¶3**　　　　Proctor sued the District, alleging negligence. The District moved for summary judgment, arguing that, as a matter of law, the ramp was not unreasonably dangerous. The superior court granted the District's motion and denied Proctor's motion for new trial. The court entered a final judgment, *see* Ariz. R. Civ. P. 54(c), and Proctor timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1), (A)(5)(a) (2017).[2]

## DISCUSSION

**¶4**　　　　A motion for summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves,* 166 Ariz. 301, 309 (1990); *see* Ariz. R. Civ. P. 56(a). We review whether there are any genuine issues of material fact and whether the superior court properly applied the law. *See Parkway Bank & Tr. Co. v. Zivkovic*, 232 Ariz. 286, 289, ¶ 10 (App. 2013).

---

[1]　　　　We view the facts and inferences drawn therefrom in the light most favorable to Proctor, the party against whom summary judgment was entered. *See Weitz Co. L.L.C. v. Heth*, 235 Ariz. 405, 408, ¶ 2 (2014).

[2]　　　　We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶5         A landowner owes a duty to an invitee to maintain the premises in a reasonably safe condition. *Tribe v. Shell Oil Co.,* 133 Ariz. 517, 519 (1982).   "The standard of reasonable care generally includes an obligation to discover and correct or warn of unreasonably dangerous conditions that the possessor of the premises should reasonably foresee might endanger an invitee." *McMurtry v. Weatherford Hotel, Inc.,* 231 Ariz. 244, 252, ¶ 23 (App. 2013).

¶6         The District contends the ramp was not unreasonably dangerous because it was "open and obvious" and the harm was not foreseeable.  But a condition may be unreasonably dangerous even if it is open and obvious; the open-and-obvious nature of a condition is a factor in determining whether the landowner acted with reasonable care. *Cummings v. Prater,* 95 Ariz. 20, 26-27 (1963); *see Markowitz v. Ariz. Parks Bd.,* 146 Ariz. 352, 357 (1985); *Yuma Furniture Co. v. Rehwinkel,* 8 Ariz. App. 576, 579-80 (1968).   Moreover, even if a condition is open and obvious, a landowner may be liable for not taking reasonable steps to protect an invitee if the landowner should have anticipated an invitee's attention to be distracted. *Tribe,* 133 Ariz. at 519 (citing Restatement (Second) of Torts § 343A, cmt. f (1965)); *see McMurtry,* 231 Ariz. at 253, ¶ 24.  These generally are questions of fact, *see Markowitz,* 146 Ariz. at 357-58, particularly in cases involving a change in elevation of surfaces where people are likely to walk.  *See, e.g., Tribe,* 133 Ariz. at 518; *Sherman v. Arno,* 94 Ariz. 284, 287-90 (1963); *Cooley v. Ariz. Pub. Serv. Co.,* 173 Ariz. 2, 2-3 (App. 1991); *Yuma Furniture,* 8 Ariz. App. at 578; *Murphy v. El Dorado Bowl, Inc.,* 2 Ariz. App. 341 (1965); *but see Burke v. Ariz. Biltmore Hotel, Inc.,* 12 Ariz. App. 69, 71-72 (1970).

¶7         This case is no exception to the general rule. There is no dispute that Proctor was injured on a part of the premises held open to invitees. *Cf. McMurtry,* 231 Ariz. at 255-56, ¶¶ 33-36 (discussing whether an invitee became a trespasser by exceeding the "area of invitation").  The middle school lot was an overflow lot intended for use when the usual lot was filled.  Thus, the District reasonably could have anticipated that a parent, such as Proctor, who parked in the middle school lot would be unfamiliar with the route from that lot to the elementary school.  Proctor testified the ascending edge of the ramp was in sunlight, but the descending edge was in the shadow of the shed.  A photograph suggests the ramp and walkway were made of the same material, and there was no demarcation between the two.  Given the evidence, a reasonable juror could conclude the ramp was an unreasonably dangerous condition and the District failed to take reasonable steps to correct or warn of it. *See McMurtry,* 231 Ariz. at 252-53, ¶ 23.  On this basis, the superior court erred in granting summary judgment in favor of the District.

**CONCLUSION**

**¶8**      For the foregoing reasons, we reverse and remand the judgment. We award costs of appeal to Proctor upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA