### SMITH et al. v. MARKS ISAACS CO.
### No. 14219.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

Barksdale, Bullock, Warren, Clark & Van Hood, of Shreveport, and Solomon S. Goldman, of New Orleans, for appellants.

Deutsch, Kerrigan & Burke, of New Orleans, for appellee.

JANVIER, Judge.

Mrs. Smith, a customer in the beauty shop operated in the department store of defendant company by Messrs. Segretto and Candilora, fell to the floor and fractured two bones in one of her legs as she was stepping from a chair while having her hair dressed. She alleges that the fall was due to the fact that the chair was constructed with rollers. which, because the floor of the establishment was made of marble, permitted the chair to move too easily. She also charges that the surface of the floor was highly glazed and polished, and that the rollers on the chair and the highly polished condition of the floor rendered it dangerous for persons unaware of the fact that the chair was equipped with rollers to step from the said chair to the floor. She also charges that the young woman employee who was engaged in dressing her hair had "negligently spilled some oil or liquid on the floor at the place where said petitioner's foot slipped, that made it more slippery than in its natural state." She further avers that the said employee did not assist or offer to assist her in alighting from the chair, although she (petitioner) was unusually heavy.

Averring that the various matters and things above set forth constitute actionable negligence and render defendant corporation liable to her, Mrs. Smith asks for judgment for $20,000 to compensate her for her pain and suffering and for the permanent disability which she alleges will result.

Mr. Smith, as head and master of the community existing between himself and Mrs. Smith, asks judgment in the sum of $705.19, which he sets forth is the amount of expenses to which the community has been put for hospital bills, doctors' and nurses' bills, ambulance service, etc.

The defense is twofold:

First. It is asserted that the beauty shop is neither owned nor operated by defendant corporation, but is conducted by a partnership composed of Messrs. Segretto and Candilora, and that the said partnership leases from defendant the space in which the said beauty department is maintained and operates the shop as an independent venture, and that nothing done by the said partnership could have the effect of rendering defendant corporation liable.

Second. It is maintained that the chair from which Mrs. Smith was attempting to alight was of a standard pattern. and had been constructed by one of the large manu-

facturers of such articles, and that there was nothing defective about it either in design or in manufacture.

It is denied that the floor of the establishment was in a slippery condition or that there had been anything spilled thereon. In short, all the charges of negligence made by plaintiffs are denied by defendant.

In the court below, judgment was rendered for defendant dismissing plaintiffs' suit, and plaintiffs have appealed.

In view of the fact that the district judge apparently was of the opinion that there was no negligence, we have first determined to investigate that question before giving consideration to the defense that the beauty shop was independently operated and that the defendant corporation would not be liable even if there was a showing of negligence.

■ That the chair itself was so designed as to render its use unsafe is overwhelmingly refuted. It was designed and constructed by one of the best-known manufacturers, and the evidence shows that some eleven thousand others of the same design had, at the time of the trial, been sold to various other beauty shops, and that, so far as the manufacturer knew, no person other than Mrs. Smith had ever been injured in getting into or alighting from such a chair. Surely it cannot be said that the proprietor of such an establishment is negligent in the selection of equipment if he purchases it from a manufacturer whose goods are used in all parts of the country, and particularly if he selects the type which is not only apparently entirely safe, but which, so far as is known, has never caused an accident.

But plaintiffs contend that, even though the chair be concededly safe under ordinary circumstances, it was negligence to use such a chair with ball-bearing rollers on a hard marble floor on which it could so easily roll. We cannot believe that such a chair if safe on a linoleum floor could be said to be unsafe just because of its use on a marble floor. The evidence shows that the step of the chair which is located in front and a few inches above the ground is attached to the chair itself by a hinged arrangement, and that under the step, on its outer edges, were feet or legs which extended to within a fraction of an inch to the floor. On the bottom of each of these legs was a rubber "crutch tip"; the whole step being so constructed that the slightest weight upon it caused the legs to descend the fraction of an inch to the floor and to form a solid step which would not slip in ordinary use.

The record leaves no room for doubt that there was no oil or other greasy or slippery substance on the floor, and it is well known that marble or tile floors are quite commonly used in barber shops and beauty parlors, and we cannot be persuaded that liability can result from the use, on a clean marble floor, of a standard article such as was involved here.

■ Whether or not the employee assisted Mrs. Smith by holding the chair is a question of fact, and, if liability vel non could be said to depend upon a proper determination of that question, we might fall back upon the well-known rule that a trial court's finding on a question of fact should not be reversed unless manifestly erroneous. But we do not see that liability could be placed upon defendant even if the employee had admitted that she neither held the chair nor assisted Mrs. Smith in alighting, because there was no reason for her to believe that such assistance was necessary. The chair was not high, the step was only a few inches above the floor, and the chair had never before slipped or tilted, so that the employee had no reason to believe that any assistance was necessary to a normal, able-bodied person such as Mrs. Smith appeared to be, because, although she was quite heavy, she, gave no indication that her pedal extremities could not function properly, and, since she was of the full age of majority and apparently in good health and physical condition, there was no reason for any one to suppose that she needed help. As we said in a somewhat similar situation with which we were confronted in Hendricks v. Maison Blanche Co., 5 La. App. 410: " * * * She was 'above the full age of majority.' The presumption arises that she was able to take care of herself."

The fact is that Mrs. Smith herself is not quite certain whether the chair rolled away from her, or whether it tilted, or whether she slipped when she put her foot upon the floor. In a written statement made shortly after the accident, she said: "In leaving the chair I stepped down upon my left foot which slipped upon the floor. * * *"

While on the witness stand at the trial of the case below, she said: "The chair got out from under me and my foot slipped."

We believe that she is mistaken, and conclude, as did our brother below, that neither the chair nor the condition of the floor was responsible for the fall.

■ Proprietors of such establishments are not guarantors of the safety of their patrons and they are not liable where it is shown that their appliances are such as are in general use by others in the same business and particularly where it appears that no other accidents have occurred.

In 33 A. L. R. 188, the rule is stated as follows: "It has been said that a merchant discharges his duty of exercising reasonable care for the safety of his customers, at least, so far as the display of goods is concerned, by adopting the usual custom followed by ordinarily prudent merchants in the same line of trade; for he is not required to so exhibit

his goods or maintain his store as to warrant the safety of his customers from all injury or risk of danger, but discharges his duty in that respect when he uses diligence such as ordinarily prudent and good business men employ in like situations."

In Givens v. De Soto Building Co. et al., 156 La. 377, 100 So. 534, 536, our Supreme Court said: "Now the operator of a theater is not an insurer of his patrons. He need only be free from negligence; and, granting that a prudent man must exercise some degree of foresight, nevertheless he is not required to foresee that something may happen, when long experience fails to show any such happening before, unless the circumstances are such that he should have known that the happening was likely even though it had not yet occurred."

We see no distinction in this regard between the obligation placed by law upon a theater proprietor towards his patrons and that which rests upon a storekeeper.

Having reached the conclusion that there was no negligence and therefore no liability in any one, it becomes unnecessary for us to consider the other defense; i. e., that the proprietors of the beauty shop were independent contractors for whose actions defendant corporation is not responsible.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.