## Cutro et al., Appellants, *v.* Scranton Medical Arts Building.

Argued January 25, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*R. L. Levy,* with him *A. M. Lucks,* for appellants.

*Walter L. Hill* and *Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,* for appellee, were not heard.

OPINION BY MR. JUSTICE BARNES, March 21, 1938:

This is an action by husband and wife to recover damages for injuries received by the wife as the result of a fall in an office building owned and operated by the defendant, in the City of Scranton.

The defendant leased to five physicians a suite of unfurnished offices therein, consisting of a central waiting room with adjoining private offices. The waiting room was furnished by the tenants with a rug, and chairs were placed along the wall. One of the private offices was located at the end of a small hallway off the waiting room. This hall was three feet wide and about twenty feet long, and upon it were laid three small rugs, the property of the tenants. These rugs were approximately three feet wide, from three to four feet in length, and were not fastened to the floor. Both the waiting room and the small hallway floors were laid with polished hardwood. It appears that there was a margin of exposed floor between the rugs and the wall in the hallway, and also that the end rug in the hallway overlapped two or three inches into the waiting room.

In accordance with the terms of the lease the defendant furnished janitor service to the offices, cleaning the suite daily, and polishing the floors from time to time, the floor last having been polished prior to the accident, on July 15, 1936.

On October 5, 1936, the wife plaintiff entered the waiting room on a business visit to the doctor who occupied the office at the end of the hallway. She sat on a chair in the waiting room until notified by an attendant that the doctor would see her, when she arose and turned to enter the hallway. She had taken a few steps upon the rug, when she slipped and fell to the floor in the hall-

way. She attempted to rise and fell a second time. The fall resulted in injuries for which plaintiffs seek to hold the defendant responsible in damages.

The trial judge concluded that the plaintiff had failed to establish negligence on the part of defendant, and entered a compulsory nonsuit which the court en banc refused to take off. The plaintiffs have appealed from the decree so entered.

We agree with the conclusion of the court below that the plaintiffs have failed to prove a breach of duty by the defendant. It is not negligence for the owner or occupier of a building to maintain polished or oiled floors. Evidence of a highly polished floor alone does not sustain the charge of negligence if a guest or invitee falls and is injured thereby: *Diver v. Singer Mfg. Co.*, 205 Pa. 170; *Spickernagle v. Woolworth*, 236 Pa. 496; *McCann v. Gordon*, 315 Pa. 367.

This the plaintiffs concede, but they charge that the negligence here was not alone the waxing or oiling of the floor but the creation of a pitfall by concealing a highly polished floor beneath small rugs in such manner that the user of the hallway would be unaware of the dangerous condition of the floor. While it is true that the defendant was aware of the presence of the rugs upon the floor, the control of the suite of offices had passed to the tenants, so that defendant could not require the removal of the rugs or neglect to polish the floors. Moreover, the presence of throw rugs upon a polished floor is not negligence: *Gibbons v. Harris Amusement Co.*, 109 Pa. Super. Ct. 484. The practice of placing throw rugs upon polished floors is a general one, and only reasonable care is required of the person stepping upon such rugs to avoid falls. Here the circumstances were such that the wife plaintiff had ample opportunity to observe the conditions, and it is not the fault of the defendant that she did not do so.

Judgment affirmed.