428 P.2d 419

Nan DAUGHERTY and Ray Daugherty,
her husband, Appellants.

v.

MONTGOMERY WARD, an Illinois
Corporation, Appellee.

No. 8945–PR.

Supreme Court of Arizona,
In Banc.

May 25, 1967.

Rehearing Denied June 20, 1967.

———◆———

Gorey & Ely, by Herbert L. Ely, Phoenix, for appellants.

Snell & Wilmer, by John J. Bouma, Phoenix, for appellee.

McFARLAND, Justice.

This case is before us on a petition for review of the decision of the court of appeals, 4 Ariz.App. 510, 422 P.2d 141.

The facts taken in the light most favorable to plaintiff are as follows:

Plaintiff, a business invitee of defendant store, was directed to its office. There an employee told her to be seated, and pushed a chair towards plaintiff for that purpose. The chair was what is known as a "posture chair." It was light in weight, on rollers, had no arms, and rolled easily when pushed. The floor was new, shiny, slick, and slippery, but plaintiff makes no claim of having slipped on it. She tried to sit on the chair, but instead sat on the floor and was injured. She does not know how the accident happened. She is not even sure that she waited for the chair to stop rolling before trying to sit on it. She states that as she sat down, the chair "flew out from under me." She could have missed the chair altogether, and the chair's motion could have been caused by her back striking it as she fell. She could have bumped it with the back of her leg as she sat down, causing it to roll before she could sit on it. She could have sat so near the front edge that it slid or rolled out from under her. She is not sure whether her backside touched the chair or not.

She tried to show, at the trial, that a former employee had a similar fall prior to her accident. On cross examination of that employee, however, he stated that he had answered the telephone while standing up, and at the conclusion of the conversation had sat down without making sure that there was a chair under him, missed the chair, and sat upon the floor. Further-more, he was not hurt, and continued with his work, so that no report was made of the incident. The employee was somewhat embarrassed by his clumsiness and hoped that no one had seen him fall. There is therefore no basis upon which to predicate an assumption that any one in defendant store had knowledge of this incident, and the testimony regarding it is therefore completely irrelevant.

Plaintiff also introduced evidence that there were other chairs, without casters, available "towards the front part of the central credit office." There was no evidence to show how far away the front part of the central credit office was from the place of the accident. That it was a considerable distance is evident from the fact that another employee "directed us back," that on the way plaintiff noticed that the floor was slippery, that she "continued to walk to the back," etc. The distance could be as much as thirty or forty yards, in which case she could hardly argue that other chairs without casters should have been proffered.

Plaintiff admits that she knew of the condition of the floor as soon as she saw it, and that "I spoke to my son that it was slippery and I was real careful. * * * I did not slip on the floor."

During the trial, plaintiff's counsel stated to the court: "We don't claim that the chair was defective as such." This statement is repeated in appellant's opening brief.

On cross examination, plaintiff was asked what defendant did that was wrong, that caused the accident. She replied that if defendant hadn't misplaced the document which she had come to discuss, she would not have gone to defendant's store. When asked whether defendant did anything else wrong that caused the accident, her answer was "No."

Defendant's motion for a directed verdict, made at the close of plaintiff's case, was overruled. After a judgment entered on the jury's verdict for $3,537, defendant moved for "Judgment in Accordance with

Motion For Directed Verdict." This motion was granted, and plaintiff appealed. The court of appeals reversed, and reinstated plaintiff's judgment.

■ The Motion for Judgment in Accordance with Motion for Directed Verdict is merely a way of re-arguing the original motion for a directed verdict. Glowacki v. A. J. Bayless Markets, 76 Ariz. 295, 263 P.2d 799. It therefore admits the truth of all competent evidence introduced by plaintiff, and all inferences that reasonably can be drawn therefrom. Figueroa v. Majors, 85 Ariz. 345, 338 P.2d 803. Where there is a reasonable chance that the conclusions of reasonable men may differ, then the question is one for the jury. Ibid.

Plaintiff pleaded the following grounds of negligence:

1. That the accident happened because of the extremely light weight of the chair, the fact that it was fitted with rollers, and the extraordinary slipperiness of the floor, which facts were known or should have been known to defendant's employee.

2. That defendant's employee failed to supply a chair of reasonably stable quality.

3. That defendant's employee failed to warn plaintiff of the instability of the chair and of the dangerous situation existing.

4. That defendant's employee failed to discharge her duty to plaintiff to maintain the premises and the equipment in a safe condition.

■■ A party pleading negligence specifically, is limited to the grounds specifically pleaded. Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692. For this reason, plaintiff's argument that "res ipsa loquitur" applies is without foundation. Smith v. Bernfeld, 226 Md. 400, 174 A.2d 53.

■ The following excerpt from Foster v. A. P. Jacobs and Associates, 85 Cal.App. 2d 746, 193 P.2d 971, is an excellent expression of the law applicable to the instant case:

"An owner or occupant of lands or buildings who * * * invites or induces others to go thereon or therein owes to such persons a duty to have his premises in a reasonably safe condition and to give warning of latent or concealed perils. * * * an owner * * * is liable for injuries occasioned by the unsafe condition of the land * * * if such condition was known to him and not to them * * *. The owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained * * *. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality * * *. It is when the perilous instrumentality is known to the owner or occupant and not to the person injured, that a recovery is permitted. * * * *there is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant."* [Italics ours.]

The same principle has been expressed in Chevraux v. Nahas, 150 N.W.2d 78, decided by the Supreme Court of Iowa. That court said:

"This then means, if an existing condition on the property of an inviter is obvious, that is if both the condition and attendant risk are open, visible and apparent and would be recognized by a reasonable person in the position of an invitee, then the former would not be liable to the latter for physical harm caused him by the condition of the visited premises."

See also Smith v. Bernfeld, 226 Md. 400, 174 A.2d 53.

In a landlord and tenant case, this court has recognized the above principle:

"People can get hurt on almost anything. But the mere fact of injury does not compel the conclusion that the condition was unreasonably dangerous. * * * One of the tests used in determining whether a condition is unreasonably dangerous is whether it is 'open and obvious'

or as it has been better put: 'If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight.'" Cummings v. Prater, 95 Ariz. 20, 386 P.2d 27.

In the instant case the conditions which plaintiff claims caused her accident were as obvious and as well known to her as to defendant. She saw at once that the floor was slippery, and commented on that fact. Later, when she was invited to sit down on the chair rolled over to her by defendant's employee, she observed that the chair was on casters and rolled easily. Her knowledge was equal if not superior to that of defendant, as she was there, and her information concerning the ease with which the chair moved on the smooth shiny floor was current and right up to the moment of the accident.

■ Under the facts of the instant case defendant cannot be held liable for not warning plaintiff of conditions known to her at the time of the accident. As the Supreme Court of Minnesota put it, in Blomberg v. Trupukka, 210 Minn. 523, 299 N.W. 11:

"Defendants were under the duty to exercise due care to avoid causing injury to plaintiff. There was no failure to exercise due care unless their conduct exposed him to unreasonable risk of injury. An act which exposes another to risk of injury only by his failure to conform to those rules of conduct for his own safety with which he might reasonably be expected to comply, does not violate the standards of due care. A party has a right to assume that others will observe as a minimum the operation of well-known natural laws. Prosser, Torts, pp. 232–234. The operation of the law of gravity is a matter of such common knowledge that all persons of ordinary intelligence and judgment, even if they are illiterate, are required to take notice of it. * * * As to such matters there is no duty to warn for the simple reason that *the purpose of a warning is to supply a party with information which he is presumed not to have. There is no necessity to warn against the obvious.*" [Italics ours.]

The above statement was quoted, in part, with approval in McDonald v. Fryberger, 233 Minn. 156, 46 N.W.2d 260, in which the court said:

"Negligence must be predicated upon what one should have anticipated and not merely on what happened. * * * ordinary care does not involve forethought of extraordinary peril."

See also Thompson v. Sisti (Tex.Civ.App.), 224 S.W.2d 500 (Aff.: 149 Tex. 189, 229 S.W.2d 610), in which the court said:

"One is not required to anticipate unusual or substandard behavior."

In Ong v. Pacific Finance Corp. of California, 70 Ariz. 426, 222 P.2d 801, in which the plaintiff slipped and fell on a slippery floor, we laid down the standard of care as follows:

"The duty owed appellant by appellee was to exercise ordinary care in the application and selection of the material used in treating the floor and in the maintenance of the floor thereafter."

In Smith v. Marks Isaacs Co., La.App., 147 So. 118, the following language is particularly applicable to the instant case:

"But plaintiffs contend that, even though the chair be concededly safe under ordinary circumstances, it was negligence to use such a chair with ball bearing rollers on a hard marble floor on which it could so easily roll. * * *

"* * * it is well known that marble or tile floors are quite commonly used in barber shops and beauty parlors, and we cannot be persuaded that liability can result from the use on a clean marble floor, of a standard article such as was involved here."

·In Dixon v. Hart, 344 Ill.App. 432, 101 N.E.2d 282, the court said:

"Does testimony that a floor was 'polished' or 'slick' without more * * * establish that the defendant was negligent in his choice or application of a floor dressing or that the floor was dangerous for use by the public? We think not. * * * We do not feel that such testimony furnishes the jury with any real evidence of a probative value in weighing the defendant's conduct against the care required of him by the law governing such cases."

To the same effect is Stephens v. Sears Roebuck and Co., 7 Cir., 212 F.2d 260.

 Griggs v. Sears, Roebuck & Co., 218 N.C. 166, 10 S.E.2d 623, was a case in which plaintiff alleged that negligence resulted from defendant's placing a strip of linoleum on a marble floor and allowing or causing wax to accumulate, which made it slippery and unsafe. The court stated:

"* * * The Court is reluctant to advance the standard of due care to such an unreasonable length as would practically put every accident in the category of actionable negligence, or make a storekeeper the insurer of the safety of his customers. [Cases cited.]

"The measure of due care adopted in this state is that of the ordinarily prudent, not the perfectly prudent, man. [Cases cited.]"

In our opinion the testimony of plaintiff, considered in the strongest light in her favor, together with all reasonable inferences therefrom, falls short of establishing any probative facts upon which to base a finding of negligence on the part of defendant. Reasonable minds could not so find from the evidence adduced in this case, and the verdict was properly set aside by the trial court. With a chair that was not defective, sitting upon a floor that was not negligently maintained, this injury must be held to have been the result of an accident that cannot be ascribed to any negligence on the part of defendant.

The judgment of the court of appeals is vacated, and the judgment of the trial court is affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, UDALL and LOCKWOOD, JJ., concur.