487 P.2d 9

**Francis A. HAGAN, a widow, Appellant,**

**v.**

**SAHARA CATERERS, INC., a corporation, Appellee.**

**No. I CA–CIV 1378.**

Court of Appeals of Arizona,
Division 1,
Department B.
July 22, 1971.

George W. Oglesby, Phoenix, for appellant.

Moore, Romley, Kaplan, Robbins & Green, by Craig R. Kepner, Phoenix, for appellee.

EUBANK, Judge.

Plaintiff-appellant Francis A. Hagan brought an action in negligence against defendant-appellee Sahara Caterers, Inc., to recover damages for personal injuries sustained by plaintiff when she slipped and fell at the entrance to Neptune's Table, a restaurant operated by defendant within the city of Phoenix. The slip and fall was caused by a pebble the size of a pea which was located in the immediate area of the entrance to the restaurant. Plaintiff suffered a broken hip as the result of the fall.

The matter came on for jury trial on March 16, 1970. After plaintiff had put on her case and rested,[1] the trial judge granted defendant's motion for a directed verdict, saying:

"* * * Now, I believe it to be the law in Arizona that a proprietor such as the operator of the Neptune's Table restaurant cannot be held liable for failing to warn the plaintiff, Mrs. Hagan, of a condition known to Mrs. Hagan herself. She knew of the driveway and of the presence of pebbles on the driveway, and in this case it is undisputed that she saw the pebbles and went on across the driveway to the entrance door. The condition was as obvious to her at the time as it was to the defendant, and pebbles the size of a pea on the driveway cannot—in my opinion—cannot be said to be in and of itself, as a matter of law, a dangerous condition."

The plaintiff appeals from the judgment dismissing her case and raises as her sole question on appeal, "whether the trial court erred in refusing to submit the issue of defendant's negligence to the jury?"

Plaintiff contends that the case should be reversed since the plaintiff's case was directed to defendant's failure to exercise ordinary care in properly maintaining in a reasonably safe condition the entrance-way of Neptune's Table, and not, as stated by the trial judge—defendant's failure to warn plaintiff of a dangerous condition. We believe that the plaintiff misconstrues the trial judge's remarks, and we affirm the judgment of the trial court.

The material facts are not in dispute. The plaintiff testified that for ten years prior to the accident she and her late husband had visited Neptune's Table almost every Friday night for supper. On June 9, 1967, the plaintiff and her husband arrived at Neptune's Table between 7:30 and 8:00 p. m. It was dusk and although visibility was not too good, she had no trouble in seeing where she was going. She noticed a number of pebbles (decorator rock), scattered out in front of the doorway entrance to the restaurant.

1. Counsel for both parties stipulated that the trial court could consider the motion for directed verdict with the understanding that only medical evidence would be added thereafter by plaintiff.

It is evident from our study of plaintiff's testimony that she knew of the pebbles at the defendant's restaurant prior to the day of the accident, and on that day she saw them again and was attempting to avoid them when she stepped on one the size of a "pea" which caused her to fall. Under such a factual circumstance our Supreme Court has held that the plaintiff cannot recover. In Warfield v. Shell Oil Company, 106 Ariz. 181, 472 P.2d 50 (1970), a business invitee, such as the plaintiff in the case at bar, came upon the premises of a Shell Oil Service Station to have her car serviced. On the same day a trench had been dug to vent the gasoline storage tanks supplying the station. The trench was dug and backfilled on the same day, the day of the accident. The area surrounding the trench was blacktop while the trench had been filled to ground level with sand and gravel. The business invitee saw the trench, saw it was muddy, and was injured when she attempted to cross it. The court said:

"In the case of Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967), this Court discussed the duty an occupier of land owes to a business invitee. We stated that:

'An owner or occupant of lands or buildings who * * * invites or induces others to go thereon or therein owes to such persons a duty to have his premises in a reasonably safe condition and to give warning of latent or concealed perils. * * * an owner * * * is liable for injuries occasioned by the unsafe condition of the land * * * if such condition was known to him and not to them * * *. [T]here is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant.' 102 Ariz. at 269, 428 P.2d at 421 (Emphasis in original.)

"Plaintiff's testimony was that she saw the trench and saw that it was muddy. She paused, and then attempted to step across it. Clearly, our holding in the Montgomery Ward case, supra, is controlling in this case and, therefore, as to defendant Hazelton, who had control of the premises at the time of the accident, there was no breach of a duty owed to plaintiff." (106 Ariz. at 184, 472 P.2d at 53.)

In the case at bar the plaintiff had prior knowledge of the pebbles, testified to them in great detail, and saw them clearly on the day of the accident. Under these circumstances she is certainly within the Warfield and Montgomery Ward rule. See also Restatement of Torts 2d, p. 218, § 343A (1965), Prosser, Law of Torts, pp. 402–405, § 61 (3rd Ed.—1964), P. Keeton, Personal Injuries Resulting From Open and Obvious Conditions, 100 U. of Pa.L.R. 629 (1952).

In the recent case of Burke v. Arizona Biltmore Hotel, Inc., 12 Ariz.App. 69, 467 P.2d 781 (1970), we considered a case factually similar to the one at bar. There, Mrs. Burke, a 70-year-old woman and a guest at the defendant hotel, while walking up the stairs from the hotel to the raised dining room, fell and was injured. It was plaintiff's contention that Mrs. Burke's fall resulted from the negligence of the defendant hotel in allowing a dangerously deceptive condition to exist at the top of the stairway. Mrs. Burke testified that she was watching where she was walking and was aware of the black strip of carpeting at the top of the stairs. She stated that as she reached the top step she became confused, misjudged the stairway, and fell "because of the black strip of carpeting which, located as it was at the top step, created a deceptive appearance." We held that the alleged defect was not an unreasonably dangerous condition, saying:

"* * * Although the owner of a business premises is under an affirmative duty to make the premises reasonably safe for use by invitees, he is not an insurer of their safety and is not re-

quired at his peril to keep the premises absolutely safe. Berne v. Greyhound Parks of Arizona, Inc., 104 Ariz. 38, 448 P.2d 388 (1968). 'Defective condition' is not necessarily synonymous with 'dangerous' condition' and becomes so only when the defective condition creates an unreasonable risk of harm. Berne v. Greyhound Parks of Arizona, supra. The mere fact that an injury has been sustained does not give rise to a presumption that a defective condition created an unreasonable risk of harm. See Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967)." (at p. 71 of 12 Ariz.App., at p. 783 of 467 P. 2d.)

We noted that the alleged defective condition at the top of the stairway was open and obvious, and persons encountering the condition could be expected to take care of themselves without further precautions on the part of the defendant hotel. We further held that the likelihood of harm, if any, was slight, and therefore, as a matter of law the condition was not unreasonably dangerous, relying on Daugherty v. Montgomery Ward, supra.

In the instant case, if the pebbles do constitute a dangerous condition, the pebbles were visible to the plaintiff and the likelihood of harm resulting therefrom was slight. We therefore agree with the trial judge that, as a matter of law, the condition was not an unreasonably dangerous one. See also Borrow v. El Dorado Lodge, Inc., 75 Ariz. 139, 143, 252 P.2d 791, 794 (1953); Foster v. A. P. Jacobs and Associates, 85 Cal.App.2d 746, 193 P. 2d 971 (1948), Prosser, Law of Torts, Invitees, pp. 394–402, supra.

It is clear from the foregoing that the injury suffered by the plaintiff is *damnum absque injuria*. The judgment of the trial court is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.