519 P.2d 185

Francis L. GEORGE and Troy Christine
George, his wife, Appellants,

v.

FOX WEST COAST THEATRES, a Dela-
ware corporation, Appellee.

No. 1 CA–CIV 2018.

Court of Appeals of Arizona,
Division 1.

Feb. 28, 1974.

Cunningham, Goodson & Tiffany, Ltd. by James P. Cunningham, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by Richard J. Woods and Thomas A. McGuire, Phoenix, for appellee.

## OPINION

HATHAWAY, Chief Judge.

Plaintiffs Francis L. George and Troy Christine George appeal from a judgment entered upon a directed verdict in favor of defendant Fox West Coast Theatres and from an order denying their motion for a new trial.

The facts taken in a light most favorable to plaintiffs are as follows: Mrs. George (hereinafter referred to as plaintiff) slipped and fell while leaving defendant's theatre after viewing two movies and suffered physical injuries. The entrance to defendant's theatre consisted of a sloping [1] terrazzo [2] surface between the curb of the street and several sets of double doors entering the theatre. A box office was located in the center of the terrazzo and a large marquee overhung the entire entrance area. There were metal thresholds at each set of double doors on the floor between carpet on the inside of the theatre and terrazzo on the outside. There were two square holes in each metal threshold measuring 1 inch by 5⁄8 inch. The purpose of these holes was to secure a bolt attached to each double door when the door was closed.

On the day of the accident it had been raining for several hours and the terrazzo surface was wet. Plaintiff had realized upon entering the theatre that the terrazzo surface was wet and slippery. Although plaintiff was in the midst of "quite a few" people as she left the theatre, she could see through the open double doors that the terrazzo was wet outside. She therefore stepped carefully. However, she did not see the bolt hole in the metal threshold and her left heel became caught in it.[3] As she stepped out the door with her right foot, it began slipping forward until she lost her balance, fell to the floor, and sustained injuries. Her right foot slid so far that it pulled her left foot out of the left shoe caught in the threshold.

At the end of plaintiff's case, the trial court directed a verdict for defendant.

In Martinez v. Lucky Stores, Inc., 18 Ariz.App. 412, 502 P.2d 1089 (1972), we considered whether the evidence justified a directed verdict in defendant's favor when plaintiff had slipped and fallen on a slippery floor within defendant's store. We outlined the elements of plaintiff's prima facie case as follows:

"... (1) that there was a duty on the part of defendant to maintain the

---

1. The slope was 7½ inches over a distance of 89 inches.

2. Terrazzo is a cement type flooring composed of marble aggregates with a cement binder. The marble is exposed for ornamental purposes and the surface is smoothed through grinding and polishing.

3. Plaintiff testified that her left heel was not of the "spike" variety although it was one of the "smaller type" heels.

floor in a reasonably safe condition; (2) a breach of that duty; (3) that the plaintiff slipped as a result of defendant's negligence and (4) that the defendant knew or ought to have known of the dangerous condition of the floor." (18 Ariz.App. 413, 502 P.2d at 1090) (Footnote omitted)

## I. DUTY

■ The owner of a business is not an insurer of the safety of a business invitee and the mere occurrence of a fall on a floor is insufficient to prove negligence on the part of the proprietor. Walker v. Montgomery Ward & Company, Inc., 20 Ariz.App. 255, 511 P.2d 699 (1973); Compton v. National Metals Company, 10 Ariz.App. 366, 459 P.2d 93 (1969). However, the proprietor owes a duty to invitees to maintain his premises in a reasonably safe condition. In S. H. Kress & Co. v. Evans, 70 Ariz. 175, 178, 218 P.2d 486, 488 (1950), our Supreme Court said:

"(T)he owner of a store must maintain the floors which the public is invited to use in such condition that under the circumstances of the particular case, they are reasonably safe for a customer to use."

## II. BREACH OF DUTY

■ We must next decide whether plaintiff, as a matter of law, totally failed to show that the entranceway was maintained in an unreasonably dangerous condition. We reject defendant's assumption that the one inch by five-eighth's inch bolt hole was not, as a matter of law, unreasonably dangerous. Defendant argues that plaintiff conceded that the bolt hole was safe in her opposition to a pretrial motion for summary judgment. Any statements made in relation to a motion for summary judgment have no relation to the framing of issues for trial. Triable issues are governed by the pleadings or a pretrial order. A.R.Civ.P. Rule 16(a), 16 A.R.S.

■■ Plaintiff's proof that there was a one inch by five-eighth's inch bolt hole, that it was in a place where large numbers of people walk, and that her heel fit within this hole was enough evidence from which a jury could draw an inference that this condition was unreasonably dangerous. Where there is credible evidence from which negligence might be inferred, it is a question for the jury to determine whether there has been such negligence. Shell Oil Company v. Collar, 99 Ariz. 154, 407 P.2d 380 (1965). A lack of expert testimony as to the safety of the bolt hole does not automatically defeat plaintiff's case. A jury is not prevented "from using . . . (its) own good judgment and from concluding that a particular practice or condition is unreasonably dangerous, just because there is an absence of expert opinion." Atchison, Topeka and Santa Fe Railway Co. v. Parr, 96 Ariz. 13, 18, 391 P.2d 575, 578 (1964) (jury allowed to consider whether restricted visibility of cab in crane was unreasonably dangerous condition although no expert was produced to testify to such a conclusion).

As to the condition of the floor, plaintiff testified that once her left heel caught in the bolt hole, her right foot "just kept going" on the terrazzo surface. She stated that the terrazzo was wet and slippery from rainwater at the time and that there was no sign or other device which would warn patrons of the slippery surface. Plaintiff introduced answers to interrogatories given by defendant stating that the terrazzo was installed in 1931 and that no modifications, alterations, improvements, or construction had been performed upon the entrance to the theatre since that date. She then called Mr. P. E. Buchli, an architect, who was familiar with terrazzo as a construction material. He testified that pedestrian traffic tends to wear it down and make it smoother. He stated that he had examined the surface upon which plaintiff had fallen and, in his opinion, it contained no abrasive aggregate which might render it a "non-skid" surface. When questioned as to the effect of water upon terrazzo, he replied that water makes it more slippery. He also noted that a slope would add to

the slipperiness. When asked to consider all the facts surrounding the incident, Mr. Buchli was of the opinion that the terrazzo surface would be slippery for pedestrian traffic.

In Martinez v. Lucky Stores, supra, we reversed a directed verdict in favor of the defendant noting:

> "Where a floor is maintained in a slippery condition it can be expected that a person may slip and fall. Whether the defendant maintained its floor in an unreasonably slippery condition causing plaintiff-wife's injuries, becomes a question to be determined by the jury." (18 Ariz.App. at 414, 502 P.2d at 1091).

It is our opinion that sufficient evidence was presented to support a jury finding that defendant had breached its duty to maintain its entrance in a reasonably safe condition.

██ Defendant argues that there was no breach of duty as a matter of law here because plaintiff realized that the floor was slippery at all times prior to her fall. It argues that there was no "superiority" of knowledge on defendant's part as required by Daugherty v. Montgomery Ward, 102 Ariz. 267, 428 P.2d 419 (1967). In *Daugherty* the court, quoting from Foster v. A. P. Jacobs and Associates, 85 Cal. App.2d 746, 193 P.2d 971, 975 (1948), held that *"there is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant."* (Emphasis in original) (102 Ariz. at 269, 428 P.2d at 421).

Plaintiff testified that she knew there was water on the terrazzo and that therefore she stepped carefully out onto the surface. However, she made it clear that she never saw the bolt hole in which she caught her left heel and had forgotten that the terrazzo sloped downward. She clearly was not aware of the entire condition with which she was confronted as she stepped out of the theatre.

Moreover, even assuming the combination of the bolt hole and the slippery terrazzo was open and obvious, a trial court cannot take the case from the jury unless it was so open and so obvious as to render the condition safe as a matter of law. See Daugherty v. Montgomery Ward, supra. In Cummings v. Prater, 95 Ariz. 20, 26–27, 386 P.2d 27, 31 (1963), our Supreme Court considered the "open and obvious" rule as it affects a defendant's duty:

> "One of the tests used in determining whether a condition is unreasonably dangerous is whether it is 'open and obvious' or as it has been better put:
>
>> 'If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight.' Harper and James, supra. Sec. 27.13.
>
> Of course, the bare fact that a condition is 'open and obvious' does not necessarily mean that it is *not* unreasonably dangerous. Harper and James, 27.13.
>
> The open and obvious condition is merely a factor to be taken into consideration in determining whether the condition was unreasonably dangerous." (Emphasis in original)

In 2 Restatement of Torts 2d, § 343A(1), the American Law Institute also recognizes that a condition is not necessarily rendered safe as a matter of law merely because it is open and obvious:

> "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" (Emphasis added)

We cannot hold as a matter of law that the conditions causing plaintiff's fall were so open and obvious as to render them not unreasonably dangerous. Reasonable men could differ on this issue and it therefore should have been decided by the jury.

### III. PROXIMATE CAUSE

██ The proximate cause of an injury is that which, in a natural and continuous

sequence, unbroken by an efficient intervening cause, produces an injury, and without which the injury would not have occurred. Brand v. J. H. Rose Trucking Company, 102 Ariz. 201, 205, 427 P.2d 519, 523 (1967); Alires v. Southern Pacific Co., 93 Ariz. 97, 378 P.2d 913 (1963). Ordinarily the question of proximate cause is one for the jury to decide and not a question of law, unless after reviewing all the facts and circumstances, there is no reasonable chance that the conclusions of reasonable men would differ. Harmon v. Szrama, 102 Ariz. 343, 429 P.2d 662 (1967).

There is no intervening force here. The evidence indicates that the direct cause of the fall was a combination of plaintiff's left heel being caught in the bolt hole and her right heel slipping forward on the terrazzo. Even assuming that the jury should find that the bolt hole was not unreasonably dangerous, it could easily find that the slippery terrazzo caused the fall based upon the following testimony of the plaintiff:

"Q. Did you know, Mrs. George, at the time that your right shoe was going forward what was causing the slip?

A. Well, it was slippery, it was very slippery, because I stepped out carefully, because in going in the theatre I noticed it was wet and slippery.

Q. Was it wet in the area that you stepped out of?

A. Yes."

Likewise, if the jury should find that the terrazzo surface was not an unreasonable danger, it could find from the evidence that the bolt hole was an efficient cause of her injury. Plaintiff's testimony indicates that catching her foot in the bolt hole initiated the slip and fall. There may be more than one proximate cause of an accident if each was an efficient cause without which the resulting injuries would not have occurred. Brand v. J. H. Rose Trucking. Company, supra; City of Phoenix v. Cam-

field, 97 Ariz. 316, 400 P.2d 115 (1965). We hold that there was sufficient evidence presented, both as to the bolt hole and the terrazzo surface, to sustain a jury finding that both were the proximate cause of her fall. At least, reasonable men could differ as to the issue and it therefore should have been decided by the jury. Harmon v. Szrama, supra.

## IV. NOTICE

Our next consideration is whether the evidence was insufficient as a matter of law to show that defendant knew or should had known of the slippery condition of the floor. In Walker v. Montgomery Ward & Company, Inc., supra, Division One of this court held that in order to impose liability on a proprietor for injuries sustained by an invitee, the plaintiff must prove any one of the following:

"1) that the foreign substance or dangerous condition is the result of defendant's acts or the acts of his servants, or 2) that defendant had actual knowledge or notice of the existence of the foreign substance or dangerous condition, or 3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it . . . ." (Citations omitted) (20 Ariz.App. at 258, 511 P.2d at 702).

Defendant clearly had notice of the existence of the bolt hole. It was a permanent fixture and easily discoverable. Plaintiff testified that the terrazzo surface had been wet at least three hours before her fall. She stated that one or more of defendant's employees were within easy view of the water on the terrazzo as she entered the theatre. There was clearly enough evidence to justify a jury decision as to notice or constructive notice.

Since our decision dictates a new trial, we feel obliged to consider plaintiff's contention that the trial court abused its discretion in refusing to admit into evidence certain provisions of building codes of the City of Phoenix enacted after construction of the terrazzo floor. These codes specifi-

cally exempted from their provisions any structure built prior to their enactment. There was nothing in plaintiff's offer of proof indicating that defendants had ever violated any of these code sections.

■ Plaintiff's counsel stated at trial that he was not attempting to establish negligence per se, but only sought introduction of the codes as relevant evidence of community standards and custom relating to the construction and maintenance of public entranceways. It is doubtful that a local building code, which specifically exempted defendant's building from its operation, could be relevant to show that defendant's violation of its standards constitutes negligence. See Parker v. James E. Granger, Inc., 4 Cal.2d 668, 52 P.2d 226 (1935), app. dismd. 298 U.S. 644, 56 S.Ct. 958, 80 L.Ed. 1375; Also see Annot. 75 A. L.R.2d 778, 781, n. 14.[4]

There are only two possible theories of negligence in this case. The first is whether defendant was negligent in its construction of the terrazzo floor in 1931. A building code enacted at a later date would have little if any bearing upon standards of due care existing in 1931. See Dominick v. Brockton-Taunton Gas Company, 356 Mass. 669, 255 N.E.2d 370 (1970); Rodrigues v. Elizabethtown Gas Company, 104 N.J.Super. 436, 250 A.2d 408 (1969). In fact, the subsequent enactment of the codes could just as reasonably be construed as a reflection of changing community standards of due care in the construction of public entranceways. We find no abuse of discretion in the trial court's ruling that the codes were irrelevant to the issue of negligent construction.

The second issue is whether defendant negligently maintained the terrazzo entranceway during the years between its construction and plaintiff's injury. We acknowledge that a jury could find that de-

fendant's duty to maintain the terrazzo in a reasonably safe condition could encompass affirmative measures to upgrade the floor periodically or to make the floor less slippery during rainstorms. However, we fail to see what relevance a building code would have on this issue of maintenance when the code specifically limits its application to the *construction* of entranceways in *new* buildings. Even if these codes had some relevance on the issue of prevailing standards of maintenance for terrazzo floors built in 1931, this relevance would be heavily outweighed by the prejudice and/or confusion which the admission of the codes would likely create in the minds of the jury. Accordingly, we find no abuse of discretion in the trial court's exclusion of this evidence.

KRUCKER and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

---

4. The above cited annotation generally contains cases dealing with the admissibility of safety codes not having the force of law. A majority of jurisdictions hold that they are inadmissible. Note 14, 75 A.L.R.2d at 781 cites several cases which have excluded ordinances or governmental regulations intended to have the force of law but "not applicable to the particular legal circumstances or relationship involved."