**O'Dell v. Wachovia Bank**

C.P. of Monroe County, No. 6414 CIVIL 2011.

*Christopher T. Powell*, for plaintiff.
*David A. Williams*, for defendant.

WILLIAMSON, *J.*, January 25, 2013—This matter comes before us on a motion for summary judgment filed by Wachovia Bank, a division of Wells Fargo Bank, N.A. (hereafter, "defendant"), requesting Linda O'Dell's (hereafter, "plaintiff") complaint be dismissed because plaintiff failed to establish the existence of a dangerous condition, or that defendant had notice of any dangerous condition, and plaintiff's fall could have been avoided by the exercise of reasonable care.

Plaintiff commenced this action by filing a complaint on July 25, 2011. In her complaint, plaintiff alleges that she was a business invitee of the defendant, and that a defective condition on the floor caused her to fall and sustain injuries. Defendant filed an answer with new matter on September 8, 2011. During the course of discovery, written interrogatories were exchanged and depositions were held of the plaintiff and also of defendant's representative, Millie McAlman. On November 21, 2012, defendant filed the motion for summary judgment and brief in support thereof that is currently before this court. On December 21, 2012, plaintiff filed her brief in opposition of defendant's motion for summary judgment. Oral argument on this matter was held on January 7, 2012. We are now ready to dispose of defendant's motion for summary judgment.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the

pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.*, 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.*, 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson*, 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters, Inc.*, 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski*, 84 A.2d 188 (Pa. 1951).

In the case now before the court, the defendant argues

168

that there are no genuine issues of material fact and requests that the court grant summary judgment in its favor. Defendant alleges that the plaintiff is unable to (1) prove the existence of a dangerous condition; (2) establish that the defendant had actual or constructive notice of the dangerous or unsafe condition; or (3) establish that the condition could not have been avoided, even had the plaintiff exercised reasonable diligence. We agree.

The facts of this case, as viewed in the light most favorable to the plaintiff, are as follows. On April 3, 2010, plaintiff entered defendant's bank for the first time. While at the bank, plaintiff cashed a check. As she was leaving, her left foot got caught in a rug, the rug then slipped, and caused her to fall to the floor. Plaintiff testified during a deposition that before she fell, the carpet was lying flat against the floor, and after she fell, it was bunched up, or tented.[1] [O'Dell Deposition, 8/16/12, p.27,28.] Plaintiff also testified that the lighting was adequate. [O'Dell Deposition, 8/16/12, p.23.] Defendant's representative, Millie McAlman, testified during her deposition that she does not know who supplied the rug, how often the floors underneath the rug were cleaned, and did not see plaintiff fall[2]. [McAlman Deposition, 8/16/12, p.6-7.] Pictures of the rug and area in question were not taken the day of the fall. [McAlman Deposition, 8/16/12, p.11.] However, the plaintiff agreed the pictures that were taken depicted the area as it appeared the day she fell. Finally, Ms. McAlman testified that she did not know whether anybody stepped on the carpet to see if it would move on the floor. [McAlman

---

1. Reference to testimony from Ms. O'Dell's deposition will be referred to as ["O'Dell Deposition, 8/16/12, p._."]

2. Reference to testimony from Ms. McAlman's deposition will be referred to as ["McAlman Deposition, 8/16/12, p._."]

Deposition, 8/16/12, p.13.]

To recover in a negligence claim, the plaintiff must establish that (1) the defendant owed a clear duty to her; (2) the defendant breached its duty; (3) a causal connection exists between the defendant's conduct and the plaintiff's injury; and (4) the plaintiff suffered actual loss or damage. See *Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264 (Pa. 2006). . In Pennsylvania, a possessor of land is liable for injuries to an invitee that occur on its property only where it:

(a) Knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee; and

(b) Should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and

(c) Fails to exercise reasonable care to protect them against the danger.

*Restatement of Torts, 2d.*, § 343.

## I. Dangerous Condition

The definition of dangerous condition is "a condition that involves an unreasonable risk of harm." *Steinhouse v. Herman Miller, Inc.*, 661 A.2d 1379, 1382 quoting *Restatement of Torts, 2d.*, § 343(a). "[T]he presence of throw rugs upon a polished floor is not negligence. The practice of placing throw rugs upon polished floors is a general one, and only reasonable care is required of the person stepping upon such rugs to avoid falls." *Cutro*

*v. Scranton Medical Arts Bldg.*, 198 A. 141, 142 (Pa. 1938). Similar reasoning applies to the present case. The plaintiff testified that the rug was not bunched or tented before she fell. [O'Dell Deposition, 8/16/12, p.30.] Ms. McAlman testified that the rug had rubber underneath it that was supposed to prevent it from slipping. [McAlman Deposition, 8/16/12, p.13.] A rug that is lying flat on the surface of a floor cannot be a condition that involves an unreasonable risk of harm. Additionally, the plaintiff did not fall until she finished her transaction and was leaving the bank. She could not state that there was a condition of the rug itself that made her fall Rather, plaintiff initially stated the rug slipped on the floor. (O'Dell Deposition). Later, in her deposition, plaintiff said her foot caught in the rug and then the rug slipped. However, plaintiff could not say how or why her foot caught, what caused the rug to slip, or the appearance of the rug before her fall. Therefore, even looking at the facts in a light most favorable to the plaintiff, the rug was not a dangerous condition.

## II. Notice of the Dangerous Condition

Even if the rug was a dangerous condition, the defendant did not breach any duty to the plaintiff because it did not have notice of the condition. It is undisputed that plaintiff was a business invitee of the defendant at the time of the incident. There is no question that a store owner owes a duty of care to its invitees. However, the store owner is not an insurer of its customers' safety. *Moultrey v. Great A&P Tea Co.*, 422 A.2d 593 (Pa. Super. 1980). The mere existence of a harmful condition in a public place of business or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of proprietor's duty of care to his invitees, nor does it raise

a presumption of negligence. *Id.* at 596.

To impose liability, a plaintiff must produce evidence that the condition that caused the injury is traceable to the possessor of land or his agents and not an unassociated individual. *Myers v. Penn Traffic Company*, 606 A.2d 926, 930 (Pa. Super. 1992). In essence, the plaintiff must show that the defendant had actual or constructive notice of the condition. *Estate of Swift v. Northeastern Hosp. of Phila.*, 690 A.2d 719 (Pa. Super. 1997).

Plaintiff does not argue that the defendant had no actual notice of the rug's dangerous condition. In fact, plaintiff states in her brief, "Defendant cannot demonstrate that anybody from the bank had actually encountered the area prior to the Plaintiff's business." [Plaintiff's Br. at 6.] Therefore, we will determine whether a genuine issue of material fact exists with respect to whether defendant had constructive notice of the rug's dangerous condition.

The amount of time that a dangerous condition existed is one of the most important factors when analyzing whether a defendant had constructive notice. *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. 2001). Pennsylvania courts regularly treat a plaintiff's failure to provide evidence of the amount of time that a dangerous condition existed as fatal to the plaintiff's case. See *Lanni v. Pa. R.R. Co.*, 88 A.2d 887 (Pa. 1952) (reversing the denial of defendant's motion for judgment notwithstanding the verdict where plaintiff did not provide evidence showing how long the grease spot in which he fell had been on the driveway); *Porro v. Century III Assocs.*, 846 A.2d 1282, 1286 (Pa. Super. 2004) (affirming summary judgment because the plaintiff "admitted in his deposition that he does not know

how long the substance he slipped on was present"); *Estate of Swift*, supra at 722 (affirming summary judgment because the plaintiff did not present evidence regarding "how long the condition existed").

In the present case, it is clear that the defendant did not have constructive notice of the rug's dangerous condition. Plaintiff has not testified to, nor has she provided any evidence regarding the amount of time the rug represented a dangerous condition. In fact, plaintiff testified that the rug was *not* bunched up or tented in any way prior to her fall. [O'Dell Deposition, 8/16/12, p.30.] It was only *after* she fell that the rug was bunched up or tented. Furthermore, even if the rug had been tented prior to the fall, there is no evidence that the defendant knew about the condition of the rug, or *any* evidence regarding how long the rug had been in that condition. The plaintiff testified that her transaction took less than two minutes. [O'Dell Deposition, 8/16/12, p.23.] Without evidence concerning *when* the rug became dangerous, a fact-finder could only speculate as to the defendant's ability to discover and correct the problem. As a matter of law, the defendant did not have constructive notice. Therefore, because there is no issue of material fact regarding whether the defendant had actual or constructive notice of the rug's dangerous condition, the defendant did not breach its duty.

### III. Obvious Danger

Since we have determined that the defendant did not breach its duty to the plaintiff, is not necessary for us to determine if there is an issue of material fact as to whether the dangerous condition could be avoided. Therefore, we enter the following order.

## ORDER

And now, January 25, 2013, upon consideration of defendant's motion for summary judgment, the same is granted, and plaintiff's suit is dismissed.