416 P.2d 1006

John H. MARBLE, Sr., and Gretchen Marble, Appellants,

v.

Willard Zane PARHAM, and Carlene Parham, dba "Zane Farm", Appellees.

1 CA–CIV 279.

Court of Appeals of Arizona.

July 27, 1966.

ing of their 7 year old daughter. Appellants' complaint alleged in pertinent part that:

### "III

On or about Sunday the 29th day of September, 1963 at about the hour of Noon the defendants negligently maintained their real property known as Zane Farm, Avergeard, Navajo County, Arizona, which is about 160 acres and which has been maintained as a cattle ranch; and that the defendants due (sic) and maintained a cattle watering hole to a depth of six feet and allowed for a long period of time, a make shift (sic) raft to be erected and floated in and upon said watering hole, which was close to the home which defendants rented to the plaintiffs; that this raft so negligently allowed to be floated by defendants on said water pond was an attraction to all children in the vicinity, among whom Jenni Marble was one, in that it was an invitation to story book like adventure with hidden and unknown and lurking danger, due to its instability; that Jenni Marble at the time and place above mentioned was attracted to said dangerous raft and went upon the same, and due to its instability was thrown into the pond and drowned. That the death of the said Jenni Marble was caused as the direct and proximate result of the negligence of the defendants and each of them."

In testing a complaint against a motion to dismiss by reason of a claimed failure to state a claim for relief, the complaint is viewed in the light most favorable to the sustaining of the complaint and the allegations of the complaint must be taken as true for the purposes of the motion to dismiss. Pinkerton v. Pritchard, 71 Ariz. 117, 223 P.2d 933 (1950).

The Arizona case law establishes that:

"[A]s a matter of law and as a matter of public policy * * * the so-called 'turn table doctrine' (attractive nuisance) should not be extended to cover * * * alluring and attractive flumes * * *

Alan Philip Bayham, and Herbert Danz, Phoenix, for appellants.

Axline & Johnson, Raleigh W. Johnson, Holbrook, for appellees.

STEVENS, Chief Judge.

This is an appeal from an order dismissing appellants' complaint for failure to state a claim in a wrongful death action. The action had been instigated by plaintiffs-appellants to recover for the death by drown-

carrying running water, (which flumes) are extensively used in this territory, not only by miners in the necessary and proper conduct of their business, but by farmers in the necessary diversion and application of the public streams to a beneficial use upon their lands in the cultivation of their crops. Not only flumes but irrigation ditches, large and small, similar in purpose, construction, and use, and equally dangerous and alluring to the child, are to be found throughout the territory wherever cultivation of the land is carried on, and such conduits, practically impossible to render harmless are indispensable for the maintenance of life and prosperity. Salladay v. Old Dominion Copper Mining Company, 12 Ariz. 124, 100 P. 441 (1909).

In the case of City of Glendale v. Sutter, 54 Ariz. 326, 95 P.2d 569 (1939), the Supreme Court stated:

"Owing to the peculiar problem indigenous to the desert country, where all gardening, farming and cultivation are carried on by irrigation, this court has adopted the rule that it is not negligence to carry water for farming purposes in an open ditch or open flume."

In the Sutter Case, the Supreme Court cited Salladay and in interpreting Salladay, stated:

"We went further than to hold that such rule should not apply to irrigation and mining and said, in effect, that farming and mining are so essential to the prosperity and welfare of the state that it was against public policy to make the construction and maintenance of open canals, ditches, flumes, and 'various means of diversion' for irrigation a ground of negligence."

In view of the fact that the complaint did not allege that the child was attracted to the water hole, we are not called upon to determine the applicability of the principles of economic necessity to a stock watering hole in the cattle country of Navajo County.

We have reviewed the attractive nuisance decisions reported in the Arizona Reports including, Salladay; Salt River Valley Water Users' Association v. Compton, opinion on rehearing, 40 Ariz. 282, 11 P.2d 839 (1932); Buckeye Irrigation Company v. Askren, 45 Ariz. 566, 46 P.2d 1068 (1935); Taylor v. Roosevelt Irr. Dist., 72 Ariz. 160, 232 P.2d 107 (1951); Lee v. Salt River Valley Water Users' Ass'n, 73 Ariz. 122, 238 P.2d 945 (1951); Downs v. Sulphur Springs Valley Electric Cooperative, 80 Ariz. 286, 297 P.2d 339 (1956); and MacNeil v. Perkins, 84 Ariz. 74, 324 P.2d 211 (1958). Askren and MacNeil quoted Section 339 of the Restatement Of The Law on the subject of Torts, with approval. We are impressed with the humanitarian trend in favor of the child which lessens the impact of the following statement contained in Salladay wherein the court observed that it was inclined to hold that the classic turntable decision of the United States Supreme Court,

"* * * does not reach cases where the danger is not only obvious, but where the object itself from which the danger arises is of such a character that, as has been said, 'from the reason of the thing and the customs of the community the defendant was entitled to assume that the plaintiff's natural guardians would protect him from any dangers attached thereto as they easily could and ought to have done.' "

Section 339 of the Restatement has been slightly modified from the earlier version thereof quoted in the cases above referred to. The said section as it now appears in the Second Edition of the Restatement on Torts, published in the year 1965, being as follows:

"§ 339. Artificial Conditions, Highly Dangerous to Trespassing Children

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

■ It is our opinion that a raft upon water can, under appropriate circumstances, be an attractive nuisance.

The appellees, among other contentions, urge that the motion to dismiss was well taken in that the complaint,

"fails to allege that the place where the dangerous condition existed was one upon which the defendant's knew or had reason to know that children were likely to trespass, and because they further failed to allege that the dangerous condition was one which the defendant's knew or had reason to know and which they realized or should have realized would involve an unreasonable risk of death or serious bodily harm to children such as plaintiff's decedent."

■ That the complaint is one of brevity, there can be no doubt. We are of the opinion that where a landlord leases a home to a family with one or more children and maintained a "watering hole, which was close to the home which the defendants rented to the plaintiffs" it is not too far afield to interpret the pleading as alleging that the defendant knew or should have known, the conditions and dangers. In holding that the complaint states a claim for relief, we do not in any way restrict the necessity of the

proof of essential elements of an attractive nuisance. We cannot determine from the pleading whether the raft attracted the child from her home to the location of the raft, or whether it was only after the child was on the land of the defendant that the raft was observed and the attraction exercised its fatal effect. In the powder and blasting cap cases of Askren and MacNeil and in the case of Downs, the child was attracted after entering upon the property of the defendant. The opinion in Downs well reflects the Arizona philosophy relative to this type of claim. In Askren and Downs, it is pointed out that there is an obligation to protect children against themselves and their natural curiosity.

It is our opinion that the complaint states a claim for relief.

The case is reversed with instructions to deny the motion to dismiss and to reinstate the complaint.

CAMERON and DONOFRIO, JJ., concur.