Argued June 3, reversed with directions September 10, 1969

KELLER, *Respondent, v.* PARKER, *Defendant,*
SAFEWAY STORES, INC., *Appellant.*

458 P2d 445

*Patrick Ford,* Medford, argued the cause for appellant. With him on the briefs were Heffernan & Ford, Medford.

*Robert H. Grant,* Medford, argued the cause and filed a brief for respondent.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE, and HOLMAN, Justices.

SLOAN, J.

Plaintiff's decedent, Mrs. Lowry, was killed when she was struck by a car on a parking lot of a store in Medford owned by defendant Safeway Stores, Inc. The court denied a motion for a directed verdict on behalf of Safeway. The jury returned a verdict for plaintiff. Safeway appeals.

The accident happened in the dark of a November evening when there were only a few cars on the parking lot. The car that struck Mrs. Lowry was operated by Parker who was originally a co-defendant in this action. Parker negotiated a settlement with plaintiff and the case was dismissed as to him. Parker had entered the parking lot some distance away from the point of impact and was driving his car to the front of the store. Just before the impact he made a turn to approach his destination and in doing so failed to see Mrs. Lowry. It is unknown whether or not Mrs. Lowry was approaching or leaving the store when she was hit. And, of course, it is unknown whether or not she ever saw the car. All that is known is that Parker failed to see her and collided with her.

The specifications of negligence were that Safeway had failed to mark pedestrian lanes and traffic lanes or patterns on the surface of the parking lot and that it failed to have designated speed limits.

We have concluded that it is unnecessary to decide if the specifics alleged by plaintiff would constitute negligent failure on the part of Safeway. In this particular case we are forced to the conclusion that the specifications of negligence could not have had any causal connection with this accident, either in law or in fact. The sole cause of the accident was the failure of Parker to see Mrs. Lowry and, perhaps, her failure

to see the car. It does not appear that any marking on the surface of the parking lot would or could have had any relationship to the accident.

The evidence relative to speed indicates only a moderate speed that could only have been insignificant in contributing to the event. In fact, as before stated, the failure to look and to see was the only conceivable cause of the accident.

The motion for directed verdict should have been sustained. It is necessary to reverse the case with directions to enter judgment for defendant.