597 P.2d 544

Jimmy L. McFARLAND, Sr., and Joann McFarland, husband and wife, and Jimmy L. McFarland, Jr., by his father and Guardian ad Litem, Jimmy L. McFarland, Sr., Appellants,

v.

Michael P. KAHN and Robert E. Rhinesmith, Partners d/b/a Michael & Associates, and Michael & Associates, an Arizona Partnership, Appellees.

No. 14197–PR.

Supreme Court of Arizona, In Banc.

July 5, 1979.

Philip Jones, Tucson, for appellants.

Murphy & Hazlett by Scott Goering, Tucson, for appellees.

STRUCKMEYER, Vice Chief Justice.

This is an action for personal injury to a minor child. The Superior Court directed a verdict in favor of the defendant landlord and this appeal followed. The Court of Appeals reversed and remanded. We accepted review. Opinion of the Court of Appeals, —— Ariz. ——, —— P.2d —— (App. 1979), vacated. Judgment of the Superior Court affirmed.

While playing tag football on the common lawn of the apartment complex in which he resided, twelve-year-old Jimmy McFarland, Jr. tripped on a lawn sprinkler head and fell, sustaining a two-inch laceration immediately below his left knee. Plaintiffs filed this action alleging that he tripped over the sprinkler head because of the negligent maintenance of the common area.

■■ This case is controlled by the decision of this Court in *Cummings v. Prater*, 95 Ariz. 20, 386 P.2d 27 (1963). There, a tenant tripped on a stone slab which was several inches higher than the path leading to garbage cans in an alley. She had not examined the premises carefully and had no previous knowledge of the existence of the slab. We said:

"* * * he [the landlord] is under the duty to take those precautions for the safety of the tenant as would be taken by a reasonably prudent man under similar circumstances." *Id.* at 26, 386 P.2d at 31.

We also said:

"The only issue in the case is whether the condition of the slab [on which the tenant tripped] was of such a nature that in the exercise of ordinary care the defendant was under the duty to warn plaintiff of its existence or to repair the condition.

People can get hurt on almost anything. But the mere fact of an injury does not compel the conclusion that the condition was unreasonably dangerous." *Id.* at 26, 386 P.2d at 31.

We quoted from Harper and James, § 27.13, that:

"If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight." *Id.* at 27, 386 P.2d at 31.

In *Cummings v. Prater* we held that the photographs clearly portrayed the condition of the premises and the position of the slabs and that the photographs showed proven physical facts that the slabs were of the same type, placed in the same manner, and were in the same condition as are thousands of stepping stones in the community. We said:

"These facts taken with the depositions, pleadings and affidavits show that no reasonable man could come to any conclusion other than that there was no issue of fact to be tried. *Maloy v. Taylor*, 86 Ariz. 356, 346 P.2d 1086. The slabs do not constitute a condition that is unreasonably dangerous and defendant may assume the tenant is likely to take perfectly good care of himself and the chances of harm are slight." *Id.* at 27, 386 P.2d at 31–32.

In the present case, the plaintiff, Jimmy McFarland, testified:

"Q. All right. Now, I want to show you what's been marked and is in evidence as Plaintiff's Exhibit 3A [a colored photograph] and ask you what that depicts, if you know?

A. That's the sprinkler. That's one of the sprinklers.

Q. Is this, what is depicted in 3A, anything that you saw before the accident?

A. No, sir.

Q. Did you first see any sprinkler like that in that area?

A. After I fell on it.

Q. All right. And is that what it looked like, this thing that you fell on?

A. Yes, sir, something like that. The one I fell on was metal.

Q. But do you know what that is?

A. I think that's the one I tripped over, something like that."

The photograph, Plaintiff's Exhibit 3A, plainly shows that the sprinkler head was open and obvious. As such, it was a condition of the premises which was not unreasonably dangerous. Open and obvious sprinkler heads are not conditions which normally are likely to cause harm to others.

Judgment of the Superior Court is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.