616 P.2d 955

Robert FLOWERS and Charlotte Flowers, husband and wife, Plaintiffs–Appellants,

v.

K–MART CORPORATION, Defendant–Appellee.

1 CA–CIV 4416.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 12, 1980.

Jeffrey R. Fritz, P. C. by Jeffrey R. Fritz and Kirby D. Kongable, Yuma, for plaintiffs–appellants.

Robbins & Green by J. Kenneth Mangum, Phoenix, for defendant–appellee.

## OPINION

DONOFRIO, Judge.

The appellants–plaintiffs, Robert and Charlotte Flowers (hereinafter "appellants,") have appealed from summary judgment entered by the trial court in favor of appellee–defendant K–Mart Corporation (hereinafter "K–Mart"). Appellants were both struck by an automobile driven by a third party as they were walking to their own car in K–Mart's parking lot. Appellants' suit against K–Mart alleged that it had negligently failed to adequately regulate pedestrian and vehicular traffic in its parking lot. K–Mart's response was that even if the layout of its parking lot and the traffic therein were hazardous, it was an open and obvious condition. Furthermore, K–Mart asserted that the alleged hazardous condition of its parking lot was not the proximate cause of appellants' injuries. The trial court granted K–Mart's motion for summary judgment. This appeal followed.

The facts which give rise to this action are as follows: Between the K–Mart store and its parking lot is a driveway which runs east–west, parallel to the front of the store. This driveway is wide enough for three cars to pass alongside one another, and the parking aisles all intersect with the driveway at right angles. For K–Mart's patrons to go to and from the store from their cars they must cross this driveway. There is no pedestrian crosswalk across the driveway.

On December 26, 1976, the appellants, Robert and Charlotte Flowers and their two sons were returning to their car after shopping at K–Mart. Before they stepped off the curb to cross the driveway, both appellants noticed a vehicle to the northeast, stopped at the south end of a parking aisle. This automobile was driven by Eugene Ruch. While the appellants were walking, Ruch turned right onto the driveway, and began to drive westbound. As the appellants were crossing the driveway, they were struck by the Ruch automobile. The appellants were not aware of the approaching Ruch vehicle until shortly before impact. Both Robert and Charlotte Flowers were injured by Ruch's automobile, which stopped shortly after impact. Their two sons escaped injury. Appellants' specific allegation of negligence against K–Mart is that K–Mart failed to provide a crosswalk for its customers' use and that this failure was the proximate cause of the accident.

Eugene Ruch (hereinafter referred to as Ruch) stated that he had not noticed the appellants or their sons until shortly before the accident. At the time of the accident, he was traveling at the approximate speed of five miles per hour. He stated that suddenly he saw the two boys run in front of him, and then he saw their parents reach for them. Ruch immediately applied his brakes, however, before his automobile stopped, it struck the appellants.

The appellants filed suit against Ruch and his wife, Glendora Ruch, on April 15, 1977. On August 9, 1977, the appellants filed an amended complaint, adding their claim against K–Mart. Thereafter, the defendants Ruch filed a cross–claim against K–Mart for indemnity and contribution.

K–Mart moved for summary judgment against both the appellants and the defendants Ruch. Judgment was granted to K–Mart on both the amended complaint and the cross–claim. The appellants filed a notice of appeal; defendants Ruch did not appeal the granting of summary judgment to K–Mart on their cross–claim. Appellants' claim against the defendants Ruch is not before this court.

Our Supreme Court recently restated the standards of review to be employed in the present case in *Wisener v. State of Arizona*, 123 Ariz. 148, 149, 598 P.2d 511, 512 (1979):

> "In reviewing the granting of a summary judgment, the evidence must be viewed in a light most favorable to the losing party, with that party being given the benefit of all favorable inferences that may be reasonably drawn from the evidence. If, when viewed in this manner, reasonable men could reach different conclusions as to whether there is a genuine issue as to any material fact, the judgment must be reversed. *Livingston v. Citizen's Utility, Inc.*, 107 Ariz. 62, 481 P.2d 855 (1971). That is to say, the litigants are entitled to a trial when there is the slightest doubt as to the essential facts. *Geiler v. Arizona Bank*, 24 Ariz. App. 266, 537 P.2d 994 (1975)."

K–Mart contends that even if all factual discrepancies are resolved in appellants' favor, the appellants fail, as a matter of law, to show negligence on the part of K–Mart. The elements of actionable negligence are "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by that breach." *Ivicevic v. City of Glendale*, 26 Ariz.App. 460, 466, 549 P.2d 240, 241 (1976).

The question of whether a duty exists is one for the court to decide, *Rodri-*quez v. Besser Company, 115 Ariz. 454, 565 P.2d 1315 (App.1977); the question of whether such a duty has been breached is ordinarily reserved for a jury to determine, *Moore v. Maricopa County*, 11 Ariz.App. 505, 466 P.2d 56 (1970); and the question of whether such negligence is the proximate cause of an injury is also usually a question for the jury, *Smith v. Chapman*, 115 Ariz. 211, 564 P.2d 900 (1977). The absence of a breach of care can be decided by the court as a matter of law only if the court can say that reasonable persons could come to no other conclusion. *Moore v. Maricopa County, supra.* Similarly, the question of whether negligence is the proximate cause of an injury is one for the court, if after reviewing all the facts and circumstances, there is no reasonable chance or likelihood that the conclusions of reasonable persons would differ. *Harmon v. Szrama*, 102 Ariz. 343, 429 P.2d 662 (1967).

While K–Mart was not the insurer of the safety of the appellants, it did owe them a duty of reasonable care to protect them from physical harm caused by the accidental, negligent or intentional acts of third persons. *M.G.A. Theaters v. Montgomery*, 83 Ariz. 339, 321 P.2d 1009 (1958); Restatement (Second) of Torts §§ 332(3), 344 (1965).

K–Mart contends that the layout of its parking lot and the traffic therein was an open and obvious condition, and thus it did not breach its duty to the appellants by failing to provide a crosswalk for their use. On the present record, we agree.

In *Daugherty v. Montgomery Ward*, 102 Ariz. 267, at 269, 428 P.2d 419, at 421 (1967), our Supreme Court, citing a case from California, stated:

> " ' . . . [T]here is no liability for injuries from the dangers that are obvious or as well known to the person injured as to the owner or occupant.' " (Emphasis in original.)

Our courts have often held that an invitor should not be obligated to anticipate that invitees would fail to appreciate dangers generally known to be inherent in condi-

tions which are obvious. *Hagan v. Sahara Caterers, Inc.*, 15 Ariz.App. 163, 487 P.2d 9 (1971). "Of course, the bare fact that a condition is 'open and obvious' does not necessarily mean that it is *not* unreasonably dangerous." (Emphasis supplied) *Cummings v. Prater*, 95 Ariz. 20, 27, 386 P.2d 27, 31 (1963); *Murphy v. El Dorado Bowl, Inc.*, 2 Ariz.App. 341, 343, 409 P.2d 57, 59 (1965). But if a condition is open and obvious, and business invitees encountering it can be expected to take perfectly good care of themselves without further precaution, then likelihood of harm, if any, from the conditions is slight, and as a matter of law the condition is not unreasonably dangerous. *Burke v. Arizona Biltmore Hotel, Inc.*, 12 Ariz. App. 69, 467 P.2d 781 (1970). *See McFarland v. Kahn*, 123 Ariz. 62, 597 P.2d 544 (1979).

The present case is distinguishable from *Chernov v. St. Luke's Hospital Medical Center*, 123 Ariz. 521, 601 P.2d 284 (1979). In that case, St. Luke's had failed to maintain a "stop" traffic control signal which had been painted at the end of an aisle of its parking lot. The depositions indicated that the plaintiff, a pedestrian, had relied upon this sign on the roadway as he crossed over a driveway in the parking lot. However, a driver did not notice the markings and her vehicle struck the plaintiff. Our Supreme Court reversed a summary judgment for the hospital finding that a jury could reasonably conclude that the hospital had failed to properly maintain the traffic control signal which it had placed in its parking lot. We find that the above decision is not controlling in the present case for two reasons. First, in *Chernov*, the hospital was charged with the failure to *maintain* a traffic control signal, while in the present case, the appellants' claim injury due to the failure of K–Mart to provide a crosswalk. Our Supreme Court has specifically noted in *Grimm v. Arizona Bd. of Pardons & Paroles*, 115 Ariz. 260, 267, 564 P.2d 1227, 1234 (1977), that, "[i]t is black letter tort law that while inaction is not normally a basis for liability, negligent performance of a duty voluntarily undertaken may be a basis for liability." Second, we note that in the

*Chernov* decision, there was a specific showing of reliance on the traffic control device by the pedestrian. In the present case, there is not such a claim of reliance presented.

*Berne v. Greyhound Parks of Arizona*, 104 Ariz. 38, 41, 448 P.2d 388, 391 (1968), notes:

> "[s]ince people can and daily do sustain injuries from almost all conceivable conditions under a multitude of varying circumstances, and since the possessor of the premises is not an insurer of the safety of invitees, the line between liability and non–liability must be drawn at some point."

K–Mart had no duty to warn against the obvious. *Daugherty v. Montgomery Ward, supra*. Prior to the submission of the motion for summary judgment, the parties participated in extensive discovery. Appellants have not raised the claim that discovery had been foreclosed. Nor have appellants offered any evidence of past accidents at this or any other K–Mart under circumstances similar to the present case. Appellants have failed to affirmatively and specifically show that K–Mart breached any duty to appellants under the undisputed facts presented here.

 Even if we were to have held that K–Mart had owed a duty to the appellants, we would affirm the granting of the summary judgment on the additional ground that the appellants failed in their burden to show that the acts and omissions of K–Mart constituted the proximate cause of the accident. The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred. *McDowell v. Davis*, 104 Ariz. 69, 448 P.2d 869 (1968).

A case closely analogous to the instant case is *Keller v. Parker*, 254 Or. 172, 458 P.2d 445 (1969). There, the plaintiff's decedent was struck by an automobile in the defendant store's parking lot. The driver of the car testified that he had simply failed

to see the decedent; it was unknown if the decedent had seen the automobile prior to the accident. Plaintiff alleged negligence in Safeway's failure to mark pedestrian lanes and traffic lanes, and to designate speed limits. The jury returned a verdict for the plaintiff and the Oregon Supreme Court reversed, finding:

> "In this particular case we are forced to the conclusion that the specifications of negligence could not have had any causal connection with this accident, either in law or in fact. The sole cause of the accident was the failure of Parker to see Mrs. Lowry and, perhaps, her failure to see the car. It does not appear that any marking on the surface of the parking lot would or could have had any relationship to the accident." 458 P.2d at 446.

There is only limited testimony as to causation. In his deposition, appellant Robert Flowers stated that he really didn't know how K–Mart should have acted differently to regulate and control traffic in its parking lot. He said that he believed that if there had been a crosswalk then defendant Ruch would have stopped and not struck them. This belief is sheer speculation. Appellant is not qualified to render such an opinion, thus, it is not competent evidence to justify the denial of a motion for summary judgment. *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978). Appellants' statement that if a crosswalk had been available then they would have used it does not address the issue of whether a reasonable inference may be drawn as to whether the presence of a crosswalk would have prevented the accident. The opponents of a motion for summary judgment do not raise a genuine issue of fact by merely stating in the record that such an issue exists. Rather, they must show that competent evidence is available which will justify a trial on the issue. *Cullison v. City of Peoria, supra; Hensley v. A. J. Bayless Stores, Inc.*, 5 Ariz.App. 550, 429 P.2d 1 (1967).

We conclude that the trial court correctly decided that there were no genuine issues of material fact and that appellees were entitled to judgment as a matter of law.

The order of the trial court granting K–Mart's motion for summary judgment is affirmed.

FROEB, P. J., and WREN, J., concur.