683 P.2d 330

Earl C. JOHNSON and Evelyn Johnson, husband and wife, Plaintiffs/Appellees,

v.

TUCSON ESTATES, INC., and National Gypsum, Defendants/Appellants.

No. 2 CA–CIV 4996.

Court of Appeals of Arizona, Division 2.

June 14, 1984.

John A. Fioramonti, Tucson, for plaintiffs/appellees.

Bury & Moeller by David C. Bury, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Chief Judge.

This appeal follows a judgment entered after a jury verdict in favor of plaintiff/appellee against defendant/appellant, Tucson Estates, Inc. Both the verdict and judgment were also against the appellant, National Gypsum Co., a Delaware corporation. Neither party mentions the latter company in their briefs so we likewise ignore it here. References to the appellant which follow are to Tucson Estates.

The appellee suffered serious bodily injury when he slipped and fell in the men's locker room/shower room facility adjacent to a swimming pool at Tucson Estates, a mobile home park which maintained these facilities for residents.

There were two pools in the mobile home park, one in an area where older, retired residents live and the other in an area occupied by families and consequently used by younger residents. Although there is some mixing of the two groups' the facility where the accident occurred was used by and maintained mostly for the retirees.

The appellee, who was 75 years old, had been a resident for 10 years and he used the pool and facilities on a regular basis. On June 19, 1979, he had showered, gone to the pool, and then returned to get some tissue to blow his nose. Although he wore sandals while showering and going to the pool from the shower room, he did not put them on to get the toilet tissue. One of the reasons he wore the sandals was to prevent slipping. He had fallen in the same area before and knew the floor was slippery. On the way back to the pool he stopped to visit with another resident who was sitting on a locker room bench. He then took a step or two to walk away when his feet went out from under him and he fell backwards "like a ton of bricks." He described the sensation as similar to "stepping on ice." The floor was wet in the vicinity of the fall. Evidence revealed two other falls in the same general location under almost identical conditions. These were in 1977 or 1978. Although the appellee had no knowledge of the prior accidents, the appellant was notified after each one. After the earlier one the injured party was told that the floor was slippery due to "soap scum" and that the floor would be scored and roughened so falls would not continue to happen. After the second fall the appellant's manager said, after examining the floor, that its "anti-slip ingredients" had either worn out or been covered over.

The appellant contends that:

1) The condition of the shower room was open and obvious and therefore not unreasonably dangerous and the trial court should have granted its motion for directed verdict,

2) The evidence of the prior accidents should not have been admitted, and

3) It was error to instruct the jury that a regulation of the Arizona Department of Health Services could be considered in deciding if the appellant was negligent.

We affirm. We consider the three issues in the order presented.

■ The parties agree that the appellee was an invitee and the jury was so instructed. The appellant's first contention, that the wet and slippery floor was an open and obvious danger and therefore not unreasonably dangerous, is not a complete statement of Arizona law. In *Cummings v. Prater*, 95 Ariz. 20, 386 P.2d 27 (1963), our supreme court said:

> Of course, the bare fact that a condition is "open and obvious" does not necessarily mean that it is *not* unreasonably dangerous. [citations omitted] The open and obvious condition is merely a factor to be taken into consideration in determining whether the condition was unreasonably dangerous. (emphasis in original) Id. at 27, 386 P.2d 27.

Although summary judgment in favor of the defendant was affirmed in *Prater*, the supreme court recognized that the duty of the landowner to an invitee must be measured against the unreasonableness of the danger of the condition. The court also held that the landlord-defendant in that case was under a duty of ordinary care to

repair or warn the tenant. In the instant case, the evidence in support of the verdict shows not only reason to suspect but actual knowledge of a dangerous condition.

The Court of Appeals, Division One, in *Murphy v. El Dorado Bowl, Inc.*, 2 Ariz. App. 341, 409 P.2d 57 (1965) and our court in *Brierley v. Anaconda Company*, 21 Ariz.App. 7, 515 P.2d 34 (1973) and *Forbes v. Romo*, 123 Ariz. 548, 601 P.2d 311 (App. 1979), have cited with approval § 343(A) of the Restatement of Torts 2d (1965). In *Murphy, supra*, our court held it error for the trial court to instruct that the landowner has no duty to warn invitees of conditions which are open and obvious without instructing that the owner has a duty to warn of such conditions if the owner can and should anticipate that the dangerous condition will cause harm to the invitee notwithstanding its open and obvious condition. In the instant case, the evidence presented a jury question on whether the appellant should have anticipated harm to a person in the appellee's position despite its open and obvious condition.

The Restatement, Sec. 343(A)(1), states:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* (emphasis supplied)

\* \* \* \* \* \*

Comment (f) to this section discusses the final clause, beginning with the word "unless":

F. There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases, the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doin so would outweigh the apparent risk.

■ The evidence here is such that the exceptions to the open and obvious danger come into play. The evidence shows that the area where the appellee fell was a social gathering place for male residents of the area. The presence of other persons together with the inevitable visiting and camaraderie that occurred were known to the appellant. It should have expected harm from the dangerous condition of the floor because this distraction might cause the invitees to forget the slippery condition of the floor or fail to protect themselves against it. Further, the appellee had reason to expect that the retired residents would proceed on an almost daily basis to encounter the slippery floor so they could swim and use the facility despite the apparent risk. The facts of this case are a classic example of the restatement proposition as explained in the comment. The trial court properly instructed the jury in the language of the Restatement and the Arizona decisions.

■ In the exercise of ordinary care to prevent injury from the known dangerous condition, the appellee should also have considered the fact that the facility was used predominantly by older retired persons. *See Campbell v. Hughes Provision Co.*, 153 Ohio St. 9, 90 N.E.2d 694 (1950).

"Where one has actual ... knowledge that another, who may be injured by his

act or omission, is afflicted with some physical incapacity which may affect his ability to observe or avoid danger, such as ... old age ..., the fact of such incapacity is a matter proper for consideration in determining whether or not sufficient care has been exercised with respect to such person." 65 C.J.S. *Negligence,* § 12(a) at 587–588 (1966). *See also* 57 Am.Jur.2d *Negligence,* § 86 (1971).

We distinguish the Arizona decisions relied on by the appellee since none of them fall within the exception found in § 343(A)(1) of the Restatement providing that the possessor should anticipate the harm despite the knowledge of the person injured or the open and obvious nature of the condition. *See McFarland v. Kahn,* 123 Ariz. 62, 597 P.2d 544 (1979); *Cummings v. Prater, supra; Bisnett v. Mowder,* 114 Ariz. 213, 560 P.2d 68 (App.1977). Likewise, the two Florida decisions cited, *Andrew v. Narber,* 59 So.2d 869 (Fla.1952) and *Tweedale v. City of St. Petersburg,* 125 So.2d 920 (Fla.App.1961), do not discuss this legal proposition.

■ Turning next to the contention that the evidence of the prior accidents was inadmissible, we disagree with the appellant's arguments. The evidence was more than sufficient to establish foundation. Not only were the conditions similar, the accidents occurred in the same place. *See Slow Development Company v. Coulter,* 88 Ariz. 122, 353 P.2d 890 (1960). The prior accidents were not too remote in time. There was evidence that the floor was essentially unchanged. Contrary to the appellant's argument, there was evidence that the appellant had notice of both of the prior accidents. The trial court has considerable discretion in the admission of prior accidents. *Burgbacher v. Mellor,* 112 Ariz. 481, 543 P.2d 1110 (1976). We find no abuse of that discretion here. The evidence was admissible both to show notice and to show that the wet, slippery floor was unreasonably dangerous.

■ Finally, the appellant contends it was error to instruct the jury that it could consider a regulation of the Health Services Department in determining whether or not the appellant was negligent. The regulation reads as follows:

1. Rules and regulations for public and semi-public bathing places, Article 2, Part 8.

Section 2–8–3. Design Standards and Specifications

Reg. 2–8–3.6 Bathhouse and Dressing Room Facilities

Reg. 2–8–3.6(A)(6):

6. Floors shall be of nonslip construction, free of open cracks and sloped to adequate drains. (Floor slope to be ¼ inch to the foot.)

■ Appellant's objection is that the term "nonslip" was not defined in the regulation. The only authority cited in support of this proposition, *Moore v. McCarty's Heritage, Inc.,* 62 Ohio App.2d 89, 404 N.E.2d 167 (1978) is inapposite. The Ohio court found it was error to charge the jury that a violation of certain sections of the county building code was negligence *per se.* By no stretch of the imagination does the case stand for the proposition that words contained in such regulations must be defined. In fact, the opinion says the instruction should have been given in language similar to that used by the trial court *sub judice.* We see no error in giving the instruction. The jury could give the ordinary, common meaning to the word nonslip without further definition in the regulation. Cf. *Noland v. Wootan,* 102 Ariz. 192, 427 P.2d 143 (1967). Nonslip is defined as "designed to reduce or prevent slipping", *Webster's Third New International Dictionary* (1971). Absent a request to give any further instruction, such as one defining the term, and absent evidence in the record, the language in statutes is to be given the meaning that would be understood by the ordinary person. *McIntyre v. Mohave County,* 127 Ariz. 317, 620 P.2d 696 (1980). We find no error in giving the instruction.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.