**Natalie Ann SCHULTZ, a minor, by Diana SCHULTZ, her mother, Plaintiff-Appellant,**

v.

**Rick and Ellen ESLICK, Defendants-Appellees.**

No. 85–1886.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1986.

Decided April 24, 1986.

Steven H. Everts, Udall, Shumay, Blackhust, Allen & Davis, P.C., Mesa, Ariz., for plaintiff-appellant.

Pamela Crippen, O'Connor, Cavanagh, Anderson, Westover, Killingsworth, & Beshears, Phoenix, Ariz., for defendants-appellees.

Before GOODWIN, HUG and REINHARDT, Circuit Judges.

GOODWIN, Circuit Judge:

The mother of a three-year-old child as guardian *ad litem* sued their landlords for damages resulting from the child's fall into an unfenced swimming pool on leased premises. The child suffered permanent brain damage. The district court granted summary judgment for defendants, apparently on the theory that an Arizona landlord who rents residential property to a family with small children is under no duty to make the property safe for such children.

On appeal, the parent argues that a jury should decide whether the landlords satisfied their duty to provide reasonably safe premises for the foreseeable occupants of the property. The landlords argue that under Arizona landlord and tenant law, the landlords' duty was to place the tenant in possession of property reasonably free from dangers not apparent to the tenants, but did not extend to the construction of a child-proof fence around an obvious hazard that was evident when the parents entered into the lease. The facts, which for the purpose of summary judgment we take to be true, were substantially as follows.

The landlords knew as early as the lease negotiation stage that the Schultz family included young children. The lease agreement identified the occupants as two adults and five children. The landlords knew that three-year-old Natalie was a member of the household.

The landlords were aware of the hazards of a pool to small children. At their own home, when their children were young, they had built a railing around their pool.

The lease made the landlords responsible through the three-month lease term for all pool maintenance. The lease also provided that the tenants were not expected or permitted to make any permanent alterations or improvements on the property without the prior consent of the landlord.

On the afternoon of May 12, 1983, the plaintiff apparently wandered into the pool from her sunning spot a few feet from the rear doors of the house. Her mother rescued her but only after she had suffered severe brain damage from anoxia. The Schultzes had instructed the child never to go in the pool if neither parent was present. She could not swim.

In Arizona, owner-occupier law has taken on most of the character of tort law. *See Markowitz v. Arizona Parks Board*, 146 Ariz. 352, 355, 706 P.2d 364, 367 (1985). The court determines whether a duty exists by asking whether the parties' relationship was such that the defendant should be under an obligation to use some care to avoid or prevent injury to persons coming on the premises. *Coburn v. City of Tucson*, 143 Ariz. 50, 52, 691 P.2d 1078, 1080 (1985).

Like many other jurisdictions, Arizona has abandoned the concept that a landlord turns the leasehold over to the tenant "as is." In 1963, the Arizona court declared that

> the landlord is under a duty of ordinary care to inspect the premises when he has reason to suspect defects existing at the time of the taking of the tenancy and to either repair them or warn the tenant of their existence. In other words, he is under the duty to take those precautions for the safety of the tenant as would be taken by a reasonably prudent man under similar circumstances.

*Cummings v. Prater*, 95 Ariz. 20, 26, 386 P.2d 27, 31 (1963). The first sentence points to the hidden hazard rule; the second points to a prudent person foreseeability test. *See also McFarland v. Kahn*, 123 Ariz. 62, 62–63, 597 P.2d 544, 544 (1979) (citing the *Cummings* rule). The court also stipulated that landlords are only responsible for mitigating the risk from "unreasonably dangerous" conditions. *Cummings*, 95 Ariz. at 26, 386 P.2d at 27.

In *Presson v. Mountain States Properties, Inc.*, 18 Ariz.App. 176, 501 P.2d 17 (Ct.App.1972), the *Cummings* rule was extended in short-term lease situations; the court held that the landlord's "duty of due care is owed to a tenant throughout the lease period to maintain premises free from 'unreasonably dangerous' instrumentalities that could potentially cause injury." 18 Ariz.App. at 178, 501 P.2d at 19. *See also Shirkey v. Crain & Associates Management Co.*, 129 Ariz. 128, 129, 629 P.2d 95, 96 (Ct.App.1981). Unreasonableness is normally "a matter of fact for the jury...." *Presson*, 18 Ariz.App. at 179, 501 P.2d at 20.

The district court held, notwithstanding the Arizona cases cited, that because the pool's dangers were "open and obvious to those in the best position to guard their child," the unfenced pool was not unreasonably dangerous as a matter of law. The court treated the pool's open and obvious nature as dispositive, leaving no question for a jury.

But the Arizona courts have held that the open and obvious nature of a dangerous condition does not necessarily relieve a defendant of liability. *See, e.g., Johnson v. Tucson Estates, Inc.*, 140 Ariz. 531, 533, 683 P.2d 330, 332 (Ct.App.1984) (the open and obvious defense is " 'merely a factor to be taken into consideration in determining whether the condition was unreasonably dangerous.' " (quoting *Cummings*, 95 Ariz. at 27, 386 P.2d at 27)).

No Arizona decision appears to have decided whether an unfenced residential pool is unreasonably dangerous to a three-year-old child as a matter of law. We believe that the liability question should be sent to an Arizona jury because reasonable minds could differ on whether the unfenced pool

was unreasonably dangerous to small children. The type of precautions required of the landlord would depend, in part, upon the anticipated tenants and reasonable preparation for them.

The district court also based its decision on its view that "defendants simply could not and should not have foreseen that the child's parents would leave a three-year-old child unattended near an unfenced swimming pool." But foreseeability and other matters relating to the specific harm are normally for the jury. *See Markowitz*, 146 Ariz. at 357–58, 706 P.2d at 369–70 ("where reasonable people could differ as to whether the danger of some injury is foreseeable, the question of negligence is one of fact for a jury to decide.").

The proper inquiry is whether the landlords satisfied their duty of due care to the three-year-old plaintiff, not to her parents. In *Johnson v. Tucson Estates, Inc.*, 140 Ariz. 531, 683 P.2d 330 (Ct.App.1984), for example, an elderly mobile home park resident sued the company charged with maintaining the pool facility when the plaintiff was injured by falling in the pool area. The court said that, "in the exercise of ordinary care to prevent injury from the known dangerous condition, the [defendant] should also have considered the fact that the facility was used predominantly by older retired persons." 140 Ariz. at 534, 683 P.2d at 333. *See also, Marble v. Parham*, 3 Ariz.App. 585, 416 P.2d 1006 (Ct.App.1966) (in determining whether the drowning of a seven-year-old was foreseeable by the landlord, the character of the victim must be taken into account: "where a landlord leases a home to a family with one or more children and maintained a 'watering hole, which was close to the home which the defendants rented to the plaintiffs', it is not too far afield to interpret the pleading as alleging that the defendant knew or should have known, the conditions and dangers." 3 Ariz.App. at 588, 416 P.2d at 1009.).

Finally, where a child is the plaintiff, her parents' negligence (failure to supervise) may not be imputed to the child. *Vigue v. Noyes*, 113 Ariz. 237, 239 n. 1, 550 P.2d 234,

236 n. 1 (1976). *See* Annot., 82 A.L.R.3d 1079, 1081 § 2[a] (1978) (courts have generally held that even if a parent was negligent in supervising his or her child, that negligence "was not imputable to the child in an action seeking to hold the parents' landlord liable to the child for personal injuries to the child resulting from defects in the premises").

The issue of the parents' negligence is wholly separate from that of the landlords' negligence. Before reaching the question of the parents' negligence, plaintiff must first show that the landlords violated a duty they owed to plaintiff and that the landlords' negligence was at least one proximate cause of the plaintiff's injuries. If the jury finds that the negligence of the parents was the sole cause of the accident the jury would return a defense verdict.

Under Arizona law, contributory negligence questions "are always for the jury ... and are not a proper subject for summary adjudication." *Markowitz*, 146 Ariz. at 359, 706 P.2d at 371 (citing Ariz. Const. art. 18, § 5).

REVERSED AND REMANDED.