NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

RANDALL TROXEL and MARY TROXEL husband and wife,
*Plaintiffs/Appellants*,

*v.*

TIMBERLINE RV & MHP, LLC, a Utah limited liability company; CITY
OF SHOW LOW, an Arizona municipal corporation,
*Defendants/Appellees*.

No. 1 CA-CV 22-0677
FILED 8-24-2023

---

Appeal from the Superior Court in Navajo County
No. S0900CV202000457
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

---

COUNSEL

Nick D. Patton Attorney at Law PLLC, Phoenix
By Nicholas D. Patton
*Counsel for Plaintiff/Appellant*

Jones Skelton & Hochuli PLC, Phoenix
By Ryan John McCarthy, Johnathan Paul Barnes, Jr.
*Counsel for Defendant/Appellee Timberline RV & MHP*

Doyle Hernandez Millam, Phoenix
By William H. Doyle, Brandon D. Millam, Nathan Andrews
*Counsel for Defendant/Appellee City of Show Low*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1            Randall and Mary Troxel appeal from the superior court's grant of summary judgment in favor of defendants Timberline RV & MHP, LLC ("Timberline") and the City of Show Low ("the City").   For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            Timberline operates a recreational vehicle and mobile home park in Show Low, Arizona.  Randall and Mary Troxel were, at all times relevant to this appeal, residents of this park.

¶3            In August 2019, the well that Timberline used to service potable water to its residents began to fail, requiring Timberline to find another source of water.  Timberline contracted with Copper State Drilling to construct a new well on the property.  Timberline also contracted with the City to purchase drinking water for residents until the new well could be put into use.

¶4            Copper State completed construction of the well on December 1, 2019.  Around this same time, Mary Troxel became infected with Heavy Growth Streptococcus Intermedius, leading to an abscess on her brain.  She was admitted to the hospital for her condition on December 11, 2019.

¶5            The Troxels sued Timberline and the City, alleging that Mary's infection was introduced via drinking water provided by one or both defendants.

¶6            Timberline moved for summary judgment, arguing that the Troxels failed to provide sufficient evidence either (1) that contaminated water caused Mary's illness; or (2) that Timberline, rather than the City, provided that water to Mary.  The City joined Timberline's motion on the first issue.  The superior court granted the motion after determining that the Troxels failed to provide sufficient evidence for a reasonable juror to find that the water provided by either defendant caused Mary's injury.

¶7          The Troxels timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8          We review the superior court's grant of summary judgment de novo. *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 447, ¶ 23 (App. 2017). "When reviewing a grant of summary judgment, we view the facts in the light most favorable to the non-moving party." *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012). Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a).

¶9          Causation is a factual issue that will ordinarily be reserved for the jury. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007). Nevertheless, summary judgment on the issue "may be appropriate if no reasonable juror could conclude that . . . the damages were proximately caused by the defendant's conduct." *Id.* at 143 n.1.

¶10         Accordingly, to survive summary judgment, a plaintiff must present enough evidence for the jury to reasonably infer that the defendant's conduct was a proximate cause of the plaintiff's injuries. *Ritchie v. Krasner*, 221 Ariz. 288, 298, ¶ 23 (App. 2009). "This evidence must provide support for the jury's 'conclusion that it is more likely than not that [the] defendant's conduct was a substantial factor in bringing about the result.'" *Id.* (quoting *Wisener v. State*, 123 Ariz. 148, 150 (1979)) (alteration in original).

¶11         This case does not present a situation in which one of two parties has caused harm and the only uncertainty lies in determining the party at fault. *E.g.*, *Salica v. Tucson Heart Hosp.-Carondelet, L.L.C.*, 224 Ariz. 414, 418, ¶ 14 (App. 2010). Instead, we are faced with a case in which the cause of the harm is unknown. In support of their motion for summary judgment, Timberline provided the court with an affidavit from an expert in toxicology, who stated with "a reasonable degree of scientific certainty" that Streptococcus Intermedius is not a waterborne pathogen. Timberline's expert also identified several possible alternative sources for Mary's infection. The Troxels provided an expert affidavit in which their expert merely stated that Streptococcus Intermedius "has not been studied as a waterborne organism" and that it "may be viable in water as a medium of transport." But during oral argument on Timberline's motion, the Troxels admitted that they did not know whether Mary's infection came from drinking water and argued that "it's just as likely that she got it from the

water as anywhere else." The Troxels argue that this disagreement is enough to defeat Timberline's motion. We disagree.

¶12 "The opponents of a motion for summary judgment do not raise a genuine issue of fact by merely stating in the record that such an issue exists. Rather, they must show that competent evidence is available which will justify a trial on the issue." *Flowers v. K-Mart Corp.*, 126 Ariz. 495, 499 (App. 1980). Even assuming that Streptococcus Intermedius is "viable in water as a medium of transport," the Troxels must provide the court with some competent evidence to show that Mary Troxel's infection was more likely to have been caused by contaminated water than by any of the other possible alternative sources identified by Timberline's expert. And although "[p]roximate cause may be determined from circumstantial evidence," *Mason v. Ariz. Pub. Serv. Co.*, 127 Ariz. 546, 553 (App. 1980), the circumstantial evidence must allow the jury to conclude reasonably that the plaintiff's injury was more likely than not caused by the defendant's conduct, *see Ritchie*, 221 Ariz. at 298, ¶ 23. Sheer speculation is not enough to defeat a motion for summary judgment. *Badia v. City of Casa Grande*, 195 Ariz. 349, 357, ¶ 29 (App. 1999).

¶13 "A party may prove proximate causation by presenting facts from which a causal relationship may be inferred, but the party cannot leave causation to the jury's speculation." *Salica*, 224 Ariz. at 419, ¶ 16. The fact that Mary got sick around the time that Timberline replaced their well is not enough to create a genuine issue of material fact as to whether Mary's illness was caused by either defendant's drinking water. *See Breidler v. Indus. Comm'n*, 94 Ariz. 258, 262 (1963) (quoting *Charlton Bros. Transp. Co. v. Garrettson*, 51 A.2d 642, 646 (Md. App. 1947)) (noting that, absent some proof of a causal relation, a sequence of events is insufficient to establish that the first event caused the subsequent harm). Accordingly, the superior court correctly granted the motion for summary judgment.

## CONCLUSION

¶14 For the above stated reasons, we affirm the superior court's decision granting summary judgment in favor of both defendants.

